UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-728 PSG (MANx) | Date | July 12, 2013 |
|---|---|---|---|
| Title | Vahan Eksouzian, et al. v. Brett Albanese, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| | Wendy Hernandez | Not Reported |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:**     **(In Chambers)** Order DENYING Motion to Dismiss

    Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint. Dkt. # 23. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the Motion to Dismiss.

I.    Background

    Plaintiffs Vahan Eksouzian ("Eksouzian"), Cloud V Enterprises, and Vape A Cloud, Inc. (collectively, "Plaintiffs") bring this action against Defendants Brett Albanese ("Albanese") and Cloud Vapez, Inc. (collectively, "Defendants") regarding a modification to a compact vaporizer. *FAC* ¶ 12. Plaintiffs contend that Eksouzian developed a modification to a compact vaporizer, and that in connection with this modification, Plaintiffs own copyrights in the technical design of the vaporizer, schematic drawings of a vaporizer, and design drawings for packaging, as well as several common law trademarks. *Id.* ¶¶ 23, 24. Plaintiffs allege that Albanese agreed to secure internet domains and hire models for tradeshows, on behalf of Eksouzian and Eksouzian's partner, Mohammed Nurhussein ("Nurhussein"). *Id.* ¶ 15. Plaintiffs further allege that at the same time that Albanese completed these tasks, he secured similar websites for himself. *Id.* ¶ 17. After Eksouzian refused to terminate Nurhussein, Albanese began marketing a product nearly identical to Plaintiffs' product. *Id.* ¶¶ 18-20.

    On May 8, 2013, Plaintiffs filed a First Amended Complaint, ("FAC"), which states claims for (1) breach of joint venture agreement; (2) breach of fiduciary duty; (3) trademark infringement; (4) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (5) violations of California Business & Professions Code §§ 17200, *et seq*; (6) interference with prospective economic advantage; (7) common law unfair competition; and (8) copyright infringement. *See* Dkt. # 17. On July 1, 2013, Defendants filed this Motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-728 PSG (MANx) | Date | July 12, 2013 |
|---|---|---|---|
| Title | Vahan Eksouzian, et al. v. Brett Albanese, et al. | | |

Dismiss, seeking to dismiss Plaintiffs' third, fourth, fifth, sixth, and seventh claims for relief. *See* Dkt. # 28.

II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), the courts should be mindful that the Federal Rules of Civil Procedure ordinarily require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, "a complaint that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim for relief. *See id.*

The Court must take a "two-pronged" approach to evaluating a Rule 12(b)(6) motion. *See id.* at 679. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.* at 679-80.

III.    Discussion

    A.    Trademark Infringement

In order to state a valid claim of trademark infringement, Plaintiffs must allege that Defendants "used" their mark "in connection with the sale, offering for sale, distribution or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive...." 15 U.S.C. § 1114(1)(a). Here, Plaintiffs have alleged that they own common law Trademarks, that "[e]ach of the Defendants has used in commerce the Trademarks, without the Plaintiffs' consent ..." and that "Defendants' use of the Trademarks has caused such confusion." *FAC* ¶¶ 36, 37. Defendants argue that Plaintiffs have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-728 PSG (MANx) | Date | July 12, 2013 |
|---|---|---|---|
| Title | Vahan Eksouzian, et al. v. Brett Albanese, et al. | | |

not stated a claim for trademark infringement because the trademarks at issue are not owned by Plaintiffs, but by a joint venture owned by Eksouzian, Nurhussein, and Albanese. *See Mot.* at 1, n.1.[1] However, while the FAC speaks to the existence of a joint venture, the FAC lacks any allegations that the joint venture owns the trademarks. Additionally, the FAC explicitly alleges that Plaintiffs own the trademarks. *See FAC* ¶ 24 ("Plaintiffs are the owners of all right, title and interest in several common law trademarks, including trademarks that are the subject of applications with the United States Patent and Trademark Office, including, but not limited to, Serial Numbers 85800932, 85789725, 85781293, and 85834632 . . ."). The Court is required to accept Plaintiffs' allegations as true for purposes of a motion to dismiss. *See Mohamed*, 579 F.3d at 949. Additionally, Plaintiffs attach four trademark applications detailing Cloud V Enterprises as the owner of the trademarks, which supports the allegation that Plaintiffs, and not the joint venture, own the trademarks in question. *See RJN*, Exs. 1-4; *cf. Dahon North America, Inc. v. Hon*, No. 2:11-cv-05835, 2012 WL 1413681, *8 (C.D. Cal. Apr. 24, 2012) (granting motion to dismiss where plaintiff admitted that it was not the registered owner of the trademark).[2] Thus, drawing all reasonable inferences in Plaintiffs' favor, the Court finds that Plaintiffs have sufficiently alleged that they own the trademarks at issue. As such, Defendants' motion to dismiss the claim for trademark infringement is DENIED.

    B.    <u>Derivative Claims</u>

---

[1] The Court notes that Defendants' use of footnotes is not in compliance with the Court's Standing Order. The Standing Order explains that "[a] proportionally spaced face must be 14-point or larger, or as the Court may otherwise order. A monospaced face may not contain more than 10 ½ characters per inch. These typeface requirements apply to footnoted material." *See* Dkt. # 11 at 4.

[2] Rule 201 states that a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Because the Court may presume that public records are authentic and trustworthy, *Gilbrook v. City of Westminster,* 177 F.3d 839, 858 (9th Cir. 1999), such public records fall within the purview of Federal Rule of Evidence 201. *See Lee v. City of L.A.,* 250 F.3d 668, 688 (9th Cir. 2011); *see also Peruta v. County of San Diego,* 678 F. Supp. 2d 1046, 1054 n.8 (S.D. Cal. 2010) (stating that courts may properly take judicial notice of documents appearing on governmental websites). The trademarks electronic search system (TESS) is an official record memorializing the applications for the marks, and is published by a government organization—the United States Patent and Trademark Office. Therefore, the accuracy of this record cannot reasonably be questioned.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-728 PSG (MANx) | Date | July 12, 2013 |
|---|---|---|---|
| Title | Vahan Eksouzian, et al. v. Brett Albanese, et al. | | |

Defendants argue that because Plaintiffs cannot state a claim for trademark infringement, they also cannot maintain a claim for false designation of origin, violation of the Unfair Competition Law ("UCL"), common law unfair competition, and interference with prospective economic advantage. However, because Plaintiffs' allegations as to trademark infringement are sufficient, the derivative claims are not defective on that basis.

Alternatively, Defendants argue that Plaintiffs' claims for violation of the UCL, common law unfair competition, and interference with prospective economic advantage are barred because Plaintiffs' claims are preempted by the U.S. Copyright Act. The Copyright Act preempts a state law claim if two conditions are met: the content of the copyrighted works must fall within the "subject matter" of copyright and the right asserted under state law must be "equivalent" to those protected exclusively by section 106 of the Act. *Laws v. Sony Music Entm't, Inc.,* 448 F.3d 1134, 1137-38 (9th Cir. 2006). To survive preemption under the "equivalent rights" part of the test, the state law claim must contain an element that is "qualitatively different from the copyright rights." *Laws,* 448 F.3d at 1143 (quoting *Del Madera Props. v. Rhodes & Gardner,* 820 F.2d 973, 977 (9th Cir. 1987)). *See also Balboa Ins. Co. v. Trans Global Equities,* 218 Cal.App.3d 1327, 1342, 267 Cal. Rptr. 787 (1990) (explaining that courts must examine the underlying theory of unfair competition to determine whether it contains the necessary qualitatively different extra element distinguishing it from copyright).

Here, Defendants argue that Plaintiffs' proposed state law-based claims are preempted because the essence of those claims is Defendants' alleged use of Plaintiffs' artwork appearing on the compact vapor packaging. "If a state cause of action ... entails 'extra elements' beyond the basic elements of copyright, and protects rights that are 'qualitatively different' from those protected by copyright, it survives preemption." *Educational Testing Service v. Simon,* 95 F. Supp. 2d 1081, 1091 (C.D. Cal. 1999) (citations omitted). Here, Plaintiffs do allege extra elements beyond the basic elements of copyright. Plaintiffs allege that Defendants have used Plaintiffs' packaging, trademarks, trade dress, and confusingly similar domain names. *FAC* ¶¶ 47, 52. Because Plaintiffs' allegations regarding unfair competition and interference with prospective economic advantage are also based on trademark and trade dress infringement, Plaintiffs' causes of action are not deficient on this basis. *See Eagle Rock Entm't, Inc. v. Coming Home Prods., Inc.*, No. CV 03–00571 FMC (AJWx), 2003 WL 25781234, at *6 (C.D. Cal. Dec. 12, 2003) ("[H]ere, the unfair competition causes of actions are not solely based on violations of the copyrighted material. The California unfair competition causes of actions are not preempted by the Copyright Act."); *Butler v. Target Corp.*, 323 F. Supp. 2d 1052, 1059 (C.D. Cal. 2004) (recognizing that a Lanham Act false endorsement claim was not preempted by the Copyright Act); *Perfect 10, Inc. v. Google, Inc.*, 2008 U.S. Dist. LEXIS 79200*26-27 (C.D. Cal. 2008) (determining that plaintiff's unjust enrichment claim was not preempted because "[i]n alleging the basis for its unjust enrichment claim, [plaintiff] specifically avoided relying on its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-728 PSG (MANx) | Date | July 12, 2013 |
|---|---|---|---|
| Title | Vahan Eksouzian, et al. v. Brett Albanese, et al. | | |

copyright claims. To the extent its unjust enrichment theory of relief is based on nonpreempted claims -- i.e., right of publicity, trademark -- the unjust enrichment claim [was] not preempted by the Copyright Act."). To the extent Defendants argue that Plaintiffs' claims are also preempted by the Lanham Act, the Court notes that it will not consider arguments advanced for the first time in the Reply Brief, as Plaintiffs did not have the opportunity to respond.

Accordingly, Defendants' Motion to Dismiss the claims for false designation of origin, violation of the UCL, common law unfair competition, and interference with prospective economic advantage is DENIED.

IV. Conclusion

Thus, based on the foregoing, Defendant's Motion to Dismiss is DENIED as to all claims.