1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   DANIEL C. DECARLO, SB# 160307
2    E-Mail: Dan.DeCarlo@lewisbrisbois.com
   ROBERT M. COLLINS, SB# 254915
3    E-Mail: Robert.Collins@lewisbrisbois.com
   221 N. Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone:  213.2501800
5  Facsimile:  213.250.7900

6  Attorneys for
   Defendants/Counterclaimants BRETT ALBANESE
7  and CLOUD VAPEZ, INC.

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | VAHAN EKSOUZIAN, an individual; | CASE NO. 2:13-cv-00728-PSG |
   CLOUD v. ENTERPRISES, a | (MANx)
12 California corporation; and VAPE A | [Discovery dispute referred to the
   CLOUD, INC., a California | Honorable Margaret A. Nagle]
13 corporation,,

14            Plaintiffs,            LOCAL RULE 37-2.1 JOINT
           vs.                       STIPULATION RE:
15                                   COUNTERCLAIMANT/
   BRETT ALBANESE, an individual;    DEFENDANT CLOUD VAPEZ,
16 CLOUD VAPEZ, INC., a California    INC.'S MOTION TO COMPEL
   corporation; and DOES 1-10,,      FURTHER RESPONSES TO
17                                   REQUESTS FOR PRODUCTION OF
           Defendant.                DOCUMENTS, SET ONE AND
18                                   INTERROGATORIES, SET ONE;
                                     REQUEST FOR SANCTIONS IN
19 BRETT ALBANESE, an individual;    THE AMOUNT OF $9,625.00_
   CLOUD VAPEZ, INC.
20                                   Date: December 3, 2013
           Counterclaimants,
21         vs.                       Time: 10:00 a.m.

22 VAHAN EKSOUZIAN, an individual;   Place: Roybal – Department 580_
   MOHAMMED NURHUSSEIN, an
23 individual; CLOUD v. ENTERPRISES,
   a California corporation; VAPE A
24 CLOUD, INC., a California
   corporation; and DOES 1-10,
25
           Counterclaim–Defendants.
26

27

28

4830-5392-0534.1                          1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ......................................................................................... 2

    A.   CVI's Introductory Statement ............................................................ 2

        1.   Mr. Albanese's Demand for Inspection Under Cal. Bus & ........................................................................................ 3

        2.   CVI's Written Discovery Requests ......................................... 4

    B.   Plaintiffs' Introductory Statement ..................................................... 6

        1.   Defendants' Efforts to Enlist the Court's Aid in Further Misappropriating Plaintiffs' Trade Secrets .............. 6

        2.   Defendants Efforts to Adjudicate Their Sixth Claim for Relief on a Discovery Motion ............................................. 7

        3.   Defendants Failure to Meet and Confer on the Issues in This Motion. ........................................................................ 8

II.   ARGUMENT ............................................................................................... 8

    A.   CVI's Argument .................................................................................. 8

    B.   Plaintiffs' Argument ......................................................................... 10

        1.   CVI's Argument for Compelled Further Response and ....... 16

        2.   Plaintiff's Argument ............................................................. 17

        1.   CVI's Argument for Compelled Further Response and ....... 19

        2.   Plaintiff's Argument ............................................................. 20

        1.   CVI's Argument for Compelled Further Response and ..... 101

        2.   Plaintiff's Argument ........................................................... 102

        1.   CVI's Argument for Compelled Further Response and ..... 104

        2.   Plaintiff's Argument ........................................................... 105

        1.   Defendant Albanese's Argument ........................................ 106

        2.   Plaintiffs' Argument. .......................................................... 108

III.  COUNTERDEFENDANTS SHOULD BE SANCTIONED FOR THEIR FAILURE TO COMPLY WITH DISCOVERY ....................... 109

    A.   Counterclaimants' Argument ........................................................... 109

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

i

**B.    Plaintiffs' Argument** ........................................................... 110

**IV.    CONCLUSION** ............................................................................ 112

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

# **TABLE OF AUTHORITIES**

### CASES

*Admiral Ins. Co. v. United States District Ct. for District of Arizona,*
   881 F.2d 1486 (9th Cir. 1989)........................................................................11

*Bezirdjian v. O'Reilly,*
   183 Cal. App. 4th 316, 107 Cal. Rptr. 3d 384 (Cal. Ct. App. 2010) .............12

*Burkybile v. Mitsubishi Motors Corp.,*
   2006 U.S. Dist. LEXIS 57892 (N.D. Ill. 2006)................................................9

*Burlington Northern & Santa Fe Railway Co. v. United States District Court
   for District of Montana,*
   408 F3d 1142 (9th Cir. 2005)........................................................................13

*Channell v. Citicorp Nat. Services, Inc.,*
   89 F.3d 379 (7th Cir. 1996)............................................................................9

*Clark v. Experian Information Solutions, Inc.,*
   2006 U.S. Dist. LEXIS 13808, 2006 WL 931677 at *3 (N.D.Ill. 2006) .......10

*Clarke v. American Commerce National Bank,*
   974 F.2d 127 (9th Cir. 1992)..................................................................10, 106

*DL v. District of Columbia,*
   251 F.R.D. 38 (D.D.C. 2008) ..........................................................................9

*Eureka Financial Corp. v. Hartford Acci. & Indem. Co.,*
   136 F.R.D. 179 (E.D. Cal. 1991).....................................................................9

*Federal Open Market Committee of Federal Reserve System v. Merrill,*
   443 U.S. 340, 99 S. Ct. 2800, 61 L. Ed. 2d 587 (1979) ................................11

*Gile v. United Airlines, Inc.,*
   95 F.3d 492 (7th Cir. 1996)............................................................................9

*Hager v. Graham,*
   267 F.R.D. 486 (N.D. W. Va. 2010) ..............................................................14

*Hartley Pen Co. v. U.S. District Court,*
   287 F.2d 324 (9th Cir. 1961)........................................................................14

*Muro v. Target Corp.,*
   243 FRD 301 (N.D. Ill. 2007) .......................................................................13

*Ramirez v. County of Los Angeles,*
   231 F.R.D. 407 (C.D. CA 2005) ..............................................................10, 106

*Robinson v. Potter,*
   453 F.3d 990 (8th Cir. 2006)........................................................................14

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Ross v. Citifinancial, Inc.,*
    203 F.R.D. 239 (S.D. Miss. 2001)....................................................14

*Swift v. First USA Bank,*
    1999 U.S. Dist. LEXIS 19474, No. 98-8238, 1999 WL 1212561
    (N.D.Ill. Dec. 15, 1999)...............................................................9

*Szabo Food Service, Inc. v. Canteen Corp.,*
    823 F.2d 1073 (7th Cir. 1987)........................................................9

*United States v. British American Tobacco (Investments),*
    Ltd., 387 F.3d 884 (DC Cir. 2004)..................................................13

*United States v. Construction Products Research, Inc.,*
    73 F.3d 464 (2nd Cir. 1996)..........................................................13

*United States v. Philip Morris Inc.,*
    347 F3d 951 (D.C. Cir. 2003) ........................................................13

*United States v. Zolin,*
    491 U.S. 554, 109 S. Ct. 2619 (1989) .............................................11

## <u>STATUTES</u>

Cal. Corp. Code §§ 1601entitles....................................................106

Cal. Corp. Code §§1601 ........................................................15, 111

Cal. Corp. Code §1602 ..............................................................108

Corp. Code § 16603(1) ...............................................................12

## <u>RULES AND REGULATIONS</u>

F.R.C.P. 37(a)(5)........................................................................110

F.R.C.P. Rule 34(b) .......................................................................9

F.R.C.P. Rule 37 .........................................................................110

Fed. R. Civ. P. 26(b)(1) ...........................................................99, 100

Fed. R. Civ. P. 33......................................................................103

Fed. R. Civ. P.Rule 26(b)(5)....................................................10, 105

Fed. R. Evid. 501........................................................................11

L.R. 37 ................................................................................14, 111

L.R. 37–1 ...........................................................14, 17, 20, 26,31, 36

L.R. 37–1 ...................................................................................31

L.R. 37–1 ...................................................................................36

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

L.R. 37–1 ..................................................................................................41

L.R. 37–1 ..................................................................................................45

L.R. 37–1 ..................................................................................................49

L.R. 37–1 ..................................................................................................54

L.R. 37–1 ..................................................................................................58

L.R. 37–1 ..................................................................................................62

L.R. 37–1 ..................................................................................................65

L.R. 37-2.1 ...............................................................................................15

Local Rule 37...........................................................................8, 14, 15, 109

Local Rule 37-1 .......................................................................................15

Local Rule 37-2.1 ................................................................................2, 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

I.     **INTRODUCTION**

Pursuant to Local Rule 37-2.1, Counterclaimants Brett Albanese and Cloud Vapez, Inc. ("CVI") (collectively "Defendants" or "Counterclaimants" ) and Counterdefendants Vahan Eksouzian, Cloud v. Enterprises and Vape A Cloud, Inc. (collectively "Plaintiffs' or "Counterdefendants") submit this Joint Stipulation regarding:

1)     Counterclaimant Brett Albanese's motion to compel compliance with its demand for inspection of corporate records pursuant to Cal. Bus. & Prof. Code sections 1601 and 1602;

2)     Counterclaimant's Motion to Compel Further Responses to Interrogatories, Set One; and

3)     Counterclaimant's Motion to Compel further responses to Request for Production of Documents, Set One and to compel full and complete document production of documents by Counterdefendants.

A.     **CVI's Introductory Statement**

This lawsuit involves a partnership dispute between Counterclaimant Brett Albanese, and Counterdefendants Vahan Eksouzian and Mohammed Nurhussein. The lawsuit commenced with 3 plaintiffs, namely, Mr. Eksouzian and the corporate plaintiffs Cloud v. Enterprises, Inc., and Vape A Cloud, Inc. suing Mr. Albanese and a company he formed Cloud Vapez, Inc. for a variety of torts and with breaching his obligations to the Joint Venture. What the parties agree on is that the individuals formed a joint venture in or around mid-2012 for the purpose of marketing and selling compact vaporizer products ("Vaporizer Joint Venture"). (See First Amended Complaint "FAC" Docket 17 Para 15.) According to Plaintiffs' FAC, the parties formed Plaintiff Vape A Cloud, Inc. in September of 2012 for the purpose of carrying on the Joint Venture business.( FAC Para 15 Docket 17). Also, according to the FAC, each Joint Venture partner was vested with an ownership interest in Vape A Cloud, Inc. *Id*. Finally, according to the FAC, after Mr. Albanese allegedly

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  breached his partnership obligations, Mr. Eksouzian and Mr. Nurhussein formed

2  plaintiff Cloud v. – the purpose of which was to continue operating the joint venture

3  business using the trademarks and other assets of the Joint Venture albeit without

4  any participation from Mr. Albanese. (FAC Para 21).[1]

5      Mr. Albanese, has counterclaimed against Plaintiff for in essence breaching

6  their partnership obligations and stealing his partnership assets, failing to account to

7  him and failing to distribute any partnership assets to him all the while using the

8  partnership intellectual property to compete against the Joint Venture. Simply put,

9  the partners are suing each other claiming breaches of each other's partnership

10  obligations to each other. The issues to be decided by the Court are the proper

11  distribution of the Vaporizer Joint Venture assets, a winding up of the parties' joint

12  venture and a proper accounting to Mr. Albanese for monies owned him from

13  Counterdefendants' exploitation of joint venture intellectual property.

14      In order to gather information necessary to defend claims brought against

15  them and to prosecute their several counterclaims, on or about March 28, 2013,

16  Counterclaimants served demands for inspection of records under Cal. Bus. and

17  Prof. Code section 1601 and 1602. Thereafter, Counterclaimants served several sets

18  of written discovery as set forth below. Unfortunately, Plaintiffs have not provided

19  a complete document production or provided adequate responses to written

20  discovery which has necessitated this motion to compel.

21      **1.    Mr. Albanese's Demand for Inspection Under Cal. Bus &**

22  **Prof. Code sections 1601 and 1602**

23      On or about March 28, 2013, Counterclaimants served a demand for

24  inspection of all records of Vape A Cloud, Inc. pursuant to Cal. Bus. and Prof. Code

25

26  _____

[1] What is unclear from the FAC and indeed from a review of the discovery provided to date is why Plaintiffs believe it is lawful to use partnership assets in competition with Mr. Albanese all the while refusing to provide to him any accounting or distribution of partnership assets or proceeds.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   sections 1601 and 1602. (*See* March 28, 2013, Inspection Demand attached as Ex.

2   "A" to the Collins Decl.). On April 14, 2013, Plaintiffs responded to this demand

3   indicating they required more time to provide Mr. Albanese access to these

4   documents for inspection, but did not provide a date certain when this production

5   would take place. (*See* April 14, 2013, Letter attached as Ex. "B" to the Collins

6   Decl.). When Plaintiffs did not timely respond to this demand for inspection,

7   Counterclaimants sent a follow up email to Plaintiffs' counsel on May 3, 2013. (*See*

8   May 3, 2013 Email correspondence attached as Ex. "C" to the Collins Decl.).

9   Thereafter, Plaintiffs did make available certain documents for inspection, but the

10   production did not include invoices, purchase orders, customs documents and bills

11   of lading. In addition, several of these documents relate to bank accounts related to

12   Vape A Cloud, Inc. were improperly redacted. Counterclaimants require these

13   documents to prove up their claims in this action and thus Plaintiffs must be

14   ordered to make a complete production, in unredacted form, of all records of Vape

15   A Cloud, Inc.

16           **2.**       **CVI's Written Discovery Requests**

17         On or about June 21, 2013, CVI served Requests for Production of

18   Documents and Interrogatories on Plaintiff Vahan Eksouzian. (See Excerpts of

19   Requests for Production of Documents, Set One and Interrogatories, Set One

20   attached as Exs. "D" and "E" to the Declaration of Robert M. Collins ("Collins

21   Decl.") filed concurrently herewith). On or about July 24, 2013, Mr. Eksouzian

22   provided responses to CVI's Requests for Production and Interrogatories. (See

23   Excerpts of Eksouzian's Responses to Requests for Production of Documents, Set

24   One and Interrogatories, Set One attached as Exs. "F" and "G" to the Collins

25   Decl.). As Mr. Eksouzian's responses were deficient, on or about August 13, 2013,

26   Counterclaimants sent correspondence demanding to meet and confer. (See August

27   13, 2013, letter attached as Ex. "H" to the Collins Decl.). Thereafter, the parties

28   conducted a meet and confer at Counterclaimants' counsel's office on August 22,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1                                        4
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

2013. (Collins Decl., ¶8). This meet and confer effort was continued on September 9, 2013, and although this supplemental meet and confer session was cut short by a purported energy failure at Plaintiffs' counsel's office, the parties completed their meet and confer obligations at that time. (Collins Decl., ¶8; see also September 10, 2013, email correspondence between counsel confirming completion of meet and confer on Plaintiffs' written discovery responses attached as Ex. "I" to the Collins Decl.).

Thereafter, on September 22, 2013, Plaintiffs' counsel served supplemental responses to Counterclaimants' written discovery including Supplemental Written Responses to Requests for Production of Documents, Set One and Interrogatories, Set One. (See Excerpts of Plaintiffs' September 22, 2013, Supplemental Responses to Requests for Production of Documents, Set One and Interrogatories, Set one attached as Ex. "J" and "K" to the Collins Decl.). Unfortunately, Plaintiff's supplemental responses were still inadequate. On September 29, 2013, Plaintiff produced documents which he claimed were responsive to CVI's document requests. However, these documents were not bates stamped and appear to be nothing more than receipts reflecting fast food and clothing purchases. (See copies of Plaintiff's September 29, 2013, document production attached as Ex. "L" to the Collins Decl.).

To address issues raised by Plaintiffs' counsel concerning the production of allegedly confidential documents, on or about September 25, 2013, Defendants sent Plaintiffs counsel a draft protective order. (See September 25, 2013, email correspondence and attached Draft Protective Order attached as Ex. "M" to the Collins Decl.). Plaintiffs waited nearly a month to provide their comments concerning the protective order on October 18, 2013. (See October 18, 2013, email correspondence and attached Redlined Protective Order attached as Ex. "N" to the Collins Decl.). Unfortunately, the changes proposed by Plaintiffs were not acceptable as they ostensibly sought to remove from the protective order documents which

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1                                                5
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  Plaintiffs would deem confidential or subject to trade secret protection. As

2  protection of these types of documents is precisely what a protective order is

3  intended to do, Defendants were forced to reject Plaintiffs proposed amendments.

4  (*See* October 21, 2013, email correspondence attached as Ex. "O" to the Collins

5  Decl.).

6  Plaintiffs have not only failed to make available all available corporate

7  records of Vape A Cloud pursuant to Cal. Bus. & Prof. Code sections 1601 and

8  1602, but have also failed to produce complete responses to CVI's requests for

9  production of documents and interrogatories. Plaintiffs have also objected on

10  grounds of privilege to all of CVI's document requests but have failed to produce a

11  privilege log. CVI submits that Plaintiffs must be ordered to make all corporate

12  records of Vape A Cloud available for inspection, provide complete responses to the

13  below described written discovery and produce all responsive documents.

14  **B.**   **Plaintiffs' Introductory Statement**

15  **1.**   **Defendants' Efforts to Enlist the Court's Aid in Further**

16  **Misappropriating Plaintiffs' Trade Secrets**

17  At the crux of this motion is defendant Brett Albanese ("Albanese")'s attempt

18  to use discovery to obtain such of plaintiffs' trade secret information as he failed to

19  misappropriate during the brief period in which he acted as a partner in a joint

20  venture with plaintiff Vahan Eksouzian ("Eksouzian") and as an officer of plaintiff

21  Vape A Cloud, Inc. While purporting to act as Eksouzian's partner and Vape A

22  Cloud's officer, Albanese used corporate and partnership resources to establish a

23  competing business, defendant Cloud Vapez, Inc. ("CIV"). Albanese continues to

24  operate CIV, and to compete with Eksouzian and Vape A Cloud. He also continues

25  to use plaintiffs' trademarks and to market his product under a confusingly similar

26  brand name, implying that it is an "improvement" over Eksouzian's product.

27  Unfortunately for Albanese, it is not. In fact, Albanese's product is markedly

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

6

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1   inferior in almost every way to the product, a compact vaporizer, sold by plaintiffs.

2       One of the reasons is because, while Albanese was successful in stealing

3   plaintiffs' packaging, designs, and trademarks, he was unable to steal vital trade

4   secrets relating to the manufacture of plaintiffs' product. This is the information he

5   now seeks in response to discovery in this action. Significantly, nowhere, either in

6   the inadequate meet and confer efforts of defendants or in this motion, does

7   Albanese or CIV ever show that this information is relevant and necessary to any

8   defense or claim in this action. Under clear Ninth Circuit precedent, defendants

9   have this burden and have failed to establish it.

10      Defendants also seek to obtain plaintiffs' customer information, which is also

11  a trade secret. Defendants know that such information, even if disclosed pursuant to

12  a protective order, will ruin plaintiffs' business, because plaintiffs' customers are

13  extremely privacy conscious. Defendants will also use this information to compete

14  with plaintiffs, as they have done with other misappropriated property. Defendants

15  predicate the need for this discovery on their trade libel claim, but, again, they fail to

16  establish, as is required under Ninth Circuit precedent, that such information is

17  necessary to their claims or as a defense to any of plaintiffs' claims. Indeed, before

18  defendants brought their trade libel claims, they were required to have good faith

19  evidence of such claims. They do not need plaintiffs' entire customer list in order to

20  pursue such claims. At the least, defendants should be required to establish at least

21  some good faith basis for believing that plaintiffs have made any non-privileged

22  libelous statements.

23          **2.      Defendants Efforts to Adjudicate Their Sixth Claim for**

24                  **Relief on a Discovery Motion**

25      Albanese's efforts to obtain relief through the discovery process on his

26  petition for a writ of mandate under Cal. Bus. & Prof. Code §§ 1601 and 1602

27  should be denied. There is no evidence in this motion that Albanese is entitled to

28  such relief under Cal. Bus. & Prof. Code §§ 1601 and 1602 or that plaintiffs have no

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1                                          7
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  defenses thereto. A discovery motion is not the appropriate forum for deciding

2  defendants' Sixth Claim for Relief.

3       **3.    Defendants Failure to Meet and Confer on the Issues in This**

4            **Motion.**

5       Finally, defendants, not plaintiffs, should be sanctioned on this motion.

6  Notwithstanding defendants' statements to the contrary, defendants utterly failed to

7  meet and confer on any of the requests for production that form the overwhelming

8  majority of this motion. Other than boilerplate meet and confer correspondence,

9  defendants never addressed any of the issues raised in this motion with plaintiffs

10  during their actual meet and confer. Instead, defendants discussed only plaintiffs'

11  responses to interrogatories (of which they have moved to compel on only one in

12  this motion) and on plaintiffs responses to requests for admission (of which they

13  have moved to compel none). They never raised any of the issues which they now

14  make part of this motion regarding plaintiffs' responses to requests for production.

15       Furthermore, in an effort to resolve some of the issues now pending, plaintiffs

16  sought to negotiate a protective order. Defendants agreed to prepare an initial draft

17  of such an order, but then abruptly abandoned the process after plaintiffs provided

18  their initial set of proposed redlines, and announced that they would bring this

19  motion immediately without any further discussion or negotiation. This is not a

20  good faith effort to meet and confer. Many of the issues raised by defendants in this

21  motion could have been avoided had Defendants engaged in the process in good

22  faith and as required by Local Rule 37.[2]

23  **II.   ARGUMENT**

24       **A.    CVI's Argument**

25       Whether a responding party states a general objection to an entire discovery

26

27  _____
    [2] In further defiance of Local Rule 37, Defendants' introductory statement exceeds
28  three (3) pages in length.  See

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  document on the basis of privilege, or generally asserts a privilege objection within

2  an individual discovery response, the resulting 'blanket objection' is decidedly

3  improper. This fact should no longer be 'news' to a responding party." *Eureka*

4  *Financial Corp. v. Hartford Acci. & Indem. Co.*, 136 F.R.D. 179, 182 (E.D. Cal.

5  1991); *see also DL v. District of Columbia,* 251 F.R.D. 38, 43 (D.D.C. 2008)

6  (holding ineffective "general objections" even though the request indicated that

7  production was "subject to and without waiving" those objections, because the

8  objections were not presented "with sufficient specificity to enable this court to

9  evaluate their merits") *see also Burkybile v. Mitsubishi Motors Corp.*, 2006 U.S.

10  Dist. LEXIS 57892, *20 (N.D. Ill. 2006) (collecting cases rejecting "reflexive

11  invocation[s] of the same baseless, often abused litany that the requested discovery

12  is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant

13  nor reasonably calculated to lead to the discovery of admissible evidence"

14  (quotation omitted)). If a party from whom documents are requested objects to their

15  production, that party has the burden to show why a discovery request is improper.

16  *See* F.R.C.P. Rule 34(b); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir.

17  1996). *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D.Ill. 2005).

18  That burden cannot be met by a reflexive invocation of "the same baseless, often

19  abused litany" that the requested discovery is "vague, ambiguous, overly broad,

20  unduly burdensome" or that it is "neither relevant nor reasonably calculated to lead

21  to the discovery of admissible evidence." *Swift v. First USA Bank*, 1999 U.S. Dist.

22  LEXIS 19474, No. 98-8238, 1999 WL 1212561 (N.D.Ill. Dec. 15, 1999). Despite

23  court's repeated admonitions that these sorts of "boilerplate" objections are

24  ineffectual, their use continues unabated, with the consequent institutional burdens,

25  *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987);

26  *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996), and the

27  needless imposition of costs on the opposing party.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Rule 34(a), Federal Rules of Civil Procedure, provides that a party may

2  request, among other things, the production of documents that "constitute or contain

3  matters within the scope of Rule 26(b) . . . ." Both the text of Rule 26(b) and the

4  decisions interpreting it attest to the extraordinary breadth of discovery in the federal

5  courts: "Parties may obtain discovery regarding any matter, not privileged, which is

6  relevant to the subject matter involved in the pending action. . . . The information

7  sought need not be admissible at the trial if the information sought appears

8  reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1).

9  *See Clark v. Experian Info. Solutions, Inc.*, 2006 U.S. Dist. LEXIS 13808, 2006 WL

10  931677 at *3 (N.D.Ill. 2006)(Holderman, J.).

11    Where a party objects on the basis of privilege and withholds discoverable

12  information and documents based on that privilege, it is required to produce a

13  privilege log pursuant to the applicable provisions of the FRCP. Specifically, FRCP

14  Rule 26(b)(5) provides:

15    "... make the claim expressly and shall describe the nature

16    of the documents, communications, or things not produced

17    or disclosed in a manner that, without revealing

18    information itself privileged or protected, will enable other

19    parties to assess the applicability of the privilege or

20    protection."

21    *See also Clarke v. American Commerce National Bank*, 974 F.2d 127, 129

22  (9th Cir. 1992).

23    The failure to produce a privilege log compliant with the FRCP may

24  constitute a waiver of any privilege. *Ramirez v. County of Los Angeles*, 231 F.R.D.

25  407, 410 (C.D. CA 2005).

26    **B.    Plaintiffs' Argument**

27    Defendants' requests for the production of plaintiffs' trade secret information

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

10

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1   relating to manufacturers, suppliers, vendors, and customer lists should be denied.

2   Because this action is before the Court on federal question jurisdiction, federal law

3   applies to questions of privilege. Fed. R. Evid. 501; *United States v. Zolin*, 491 U.S.

4   554, 562, 109 S. Ct. 2619, 2625 (1989); *Admiral Ins. Co. v. United States Dist. Ct.*

5   *for Dist. of Arizona*, 881 F.2d 1486, 1492 (9th Cir. 1989). As the Supreme Court

6   has recognized: "The federal courts have long recognized a qualified evidentiary

7   privilege for trade secrets and other confidential commercial information." *Federal*

8   *Open Market Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 35657,

9   99 S. Ct. 2800, 2810, 61 L. Ed. 2d 587 (1979). Before the district court orders a

10  disclosure of a party's trade secrets or other confidential commercial information,

11  the party seeking disclosure of such information must carry the burden of proving

12  that the information sought is both relevant and necessary:

13         [T]he requirements of relevance and necessity must be established where

14  disclosure of a trade secret is sought whether sought under Rule 33 or 34, and that

15  ***the burden rests upon the party seeking disclosure to establish that the trade secret***

16  ***sought is relevant and necessary to the prosecution or defense of the case before a***

17  ***court is justified in ordering disclosure***.

18         *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961)

19  (emphasis added). In this case, defendants have presented no evidence or argument

20  supporting either of these requisites. For example in Request for Production Nos. 19,

21  20, and 21, defendants seek all documents relating to the importation of plaintiffs'

22  products, including invoices, customs documents, and bills of lading, disclosing

23  plaintiffs' trade secrets concerning vendors and suppliers. How are these either

24  relevant or necessary to a defense or claim? Certainly, defendants make no showing

25  here of such necessity or relevance. Even if these documents might be remotely

26  useful in proving Albanese's claims for an accounting, that information can be

27  obtained without the necessity of disclosing plaintiffs' trade secrets. Defendants seek

28  similar information in Requests for Production Nos. 22, 23, and 24. Again, there is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1                                    11

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  no showing that defendants could not obtain this information without the necessity of

2  intruding on plaintiffs' trade secrets. In Request for Production No. 43, defendants

3  directly seek all documents relating to plaintiffs' suppliers. Again, defendants have

4  failed to show either that such information is relevant, or, even if it is, that it is

5  necessary to prove any defense or claim in this action. In fact, it is not. Defendants'

6  efforts to obtain plaintiffs' trade secrets and confidential commercial information

7  should be denied.

8       Albanese's primary argument as to why he should be granted access to

9  plaintiffs' trade secrets and confidential commercial information is that as a partner

10  or minority shareholder, he has the right to such access. Not true. Albanese's status

11  as a breaching partner of the joint venture or a minority shareholder in Vape A

12  Cloud, Inc. does not entitle him to access these trade secrets. *See* Cal Corp. Code §

13  16603(1) (dissociating partner's right to manage or conduct partnership business

14  terminates); *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d

15  384, 395–396 (Cal. Ct. App. 2010) (California corporations law confers no right on

16  shareholders to discover corporate records in ongoing lawsuit). As clearly alleged in

17  plaintiffs' complaint, Albanese has materially breached the terms of the joint

18  venture by misappropriating property and competing with the joint venture. First

19  Amended Complaint, ¶¶ 14-22. As a result, he may not now enforce his rights under

20  that agreement by seeking to misappropriate even more trade secrets of the

21  partnership. Cal Corp. Code § 16603(1) (dissociating partner's right to manage or

22  conduct partnership business terminates). Furthermore, minority shareholders are

23  not entitled access to a corporation's trade secrets. *Bezirdjian v. O'Reilly*, 183 Cal.

24  App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California

25  corporations law confers no right on shareholders to discover corporate records in

26  ongoing lawsuit). Not surprisingly, defendants' assertions of their rights to access

27  plaintiffs' trade secrets comes forth devoid of any citation to legal authority. In

28  short, defendants have failed to satisfy their burden on this motion. *See Hartley Pen*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1                                              12

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1 *Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961) (party seeking discovery

2 has burden of showing necessity and relevance before production of trade secrets

3 will be permitted).

4          Under the facts here, plaintiffs have not waived any privileges by failing to

5 produce a privilege log. Where the responding party objects to the scope of a

6 discovery request that includes privileged documents, the court should rule first on

7 the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

8 951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

9 26(b)(5). No privilege log need be provided until after the court rules on the

10 objection. *Id*. Failure to produce a privilege log does not automatically waive the

11 privilege. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for

12 Dist. of Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has

13 discretion to reject a claim of privilege where an insufficient privilege log is

14 provided. *United States v. Construction Products Research, Inc*., 73 F.3d 464, 473

15 (2nd Cir. 1996); *see United States v. British American Tobacco (Investments) Ltd*.,

16 387 F.3d 884, 890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310

17 (N.D. Ill. 2007). In exercising that discretion, courts adopt a "holistic

18 reasonableness" analysis, considering such factors as: the magnitude of the

19 document requests; timeliness and specificity of the objection or claim of privilege;

20 particular circumstances making response to the discovery request unusually

21 difficult; and any tactical manipulation of the discovery rules and process.

22 *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of

23 Montana, supra*, 408 F.3d at 1149; *In re Dept. of Justice Subpoenas to ABC*, 263

24 F.R.D. 66, 70–71 (D. Mass. 2009).

25          In this case, plaintiffs were in the process of negotiating a protective order,

26 when defendants abruptly abandoned that process and filed this motion. Under

27 these circumstances waiver of any privilege would be unfair. *Burlington Northern*

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

13

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

2  F.3d at 1149 (court should consider any tactical manipulation of the discovery

3  process in deciding waiver based on failure to provide a privilege log).

4        Finally, this motion should be denied and sanctions granted against defendants

5  for the independent reason that defendants have failed to meet and confer in good

6  faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before any discovery

7  motion can be filed, counsel must meet "in a good faith effort" to eliminate or

8  narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting is required

9  if both counsel are in the same county; otherwise, by telephone. L.R. 37–1. Failure

10  to comply is ground for denial of a motion to compel. *See Robinson v. Potter*, 453

11  F.3d 990, 995 (8th Cir. 2006) (motion to compel properly denied where moving

12  party did not show parties had attempted to confer in good faith to resolve discovery

13  dispute before filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239, 240 (S.D.

14  Miss. 2001) (good faith effort to meet and confer is "mandatory prerequisite" on

15  motion to compel); *Hager v. Graham*, 267 F.R.D. 486, 491-492 (N.D. W. Va. 2010)

16  (failure to confer or attempt to confer is ground for denial of motion to compel).

17        Here defendants failed to meet and confer in good faith on the issues raised in

18  this motion. *See* Declaration of Kevin I. Shenkman dated November 5, 2013

19  ("Shenkman Decl."), ¶¶ 2-4, 9, 11, 12-14, 16-18. Defendants' initial effort to meet

20  and confer consisted of an email announcing simply that, in their opinion, plaintiffs'

21  responses were "woefully inadequate", without providing any specific issues or

22  legal authority for that proposition. *Id*., ¶ 2, Ex. 1. When plaintiffs' counsel pointed

23  out that this did not comply with Fed. R. Civ. P. 37 or L.R. 37, defendants then

24  responded with a letter stating boilerplate arguments with little or no legal authority.

25  *Id*., ¶¶ 3-4, Exs. 2, 3. Plaintiffs did subsequently provide amended responses to

26  certain of the discovery propounded by defendants – exactly the supplemental

27  responses that counsel had agreed upon in the course of their discussions. *Id*., ¶ 9.

28  However, when counsel met and conferred, defendants counsel discussed only those

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

14

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1   issues having to do with plaintiffs responses to defendants' interrogatories and

2   requests for admission. *Id.*, ¶¶ 6, 7. Apparently, those efforts were successful,

3   because none of those responses (with the exception of a single interrogatory

4   response) are the subject of this motion. However, at counsel's meeting, ***defendants***

5   ***never discussed a single deficiency or response to any of their requests for***

6   ***production***. *Id*., ¶¶ 6, 7. Nor did defendants counsel raise the issue of using a

7   discovery motion as a means of adjudicating their Sixth Claim for Relief for a writ

8   of mandate under Cal. Corp. Code §§ 1601 and 1602. *Id*., ¶ 4, Ex. 3. In short,

9   defendants never met and conferred on the discovery that forms virtually the entirety

10  of this motion. Furthermore, as discussed above, defendants abandoned any

11  discussions concerning a protective order at the first time that plaintiffs' suggested

12  changes to the draft order that defendants had prepared. *Id*., ¶¶ 15-18, Exs. 11-14.

13  Instead, they immediately filed this motion, asserting that their boilerplate letter on

14  literally hundreds of requests for production, the vast majority of which they

15  obviously did not deem defective enough to compel, was sufficient. This does not

16  comply with either Fed. R. Civ. P. 37's requirements or with L.R. 37-1's

17  requirement of an in-person discussion of the actual issues upon which the moving

18  party intends to make a motion to compel.

19      In light of Defendants' failure and refusal to confer regarding the issues

20  presented in this motion, it is not surprising that Defendants now fail to "state how

21  [they] proposed to resolve the dispute over [each] issue at the conference of

22  counsel." L.R. 37-2.1. There was no conference on the issues presented in this

23  motion, and so now, having failed to comply with Local Rule 37-1, Defendants

24  are forced to now violate Local Rule 37-2.1.

25      **REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE**

26      **A.**   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13**

27  ALL DOCUMENTS REFLECTING or RELATING TO the formation of

28  VCI including, but not limited to, the articles of incorporation.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1                                    15

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

Plaintiff will search for and produce responsive non-privileged documents, if any, within his possession, custody or control.

### 1. CVI's Argument for Compelled Further Response and Production of Documents

Vape A Cloud, Inc. as noted above is plaintiff and the corporation formed according to Plaintiff to carry on the business of the Joint Venture which each partner having an ownership interest. (FAC Docket 17 Para 15). To the extent Plaintiff is withholding documents based on privilege he must describe them in particularity in a privilege log to enable CVI to assess the applicability of the asserted "privilege or protection." Here, Plaintiff has failed to produce any such privilege log. In addition, CVI's document request is not "vague, ambiguous or overbroad" as it very clearly seeks documents which pertain to the formation of Vape A Cloud, Inc. These documents are unquestionably relevant as they pertain to the very company Plaintiff claims was formed by the partners to carry on the Joint Venture. Indeed, Plaintiff contends that Mr. Albanese is an owner (or at least was at some point- it is unclear if Plaintiff believes he has been divested of his interest somehow- ) and thus requesting documents on the very formation and existence of the company is relevant. While Plaintiff concludes his series of baseless of objections with the statement that he will "search for and produce responsive non-

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  privileged documents", <u>no</u> documents pertaining to the formation of Vape A Cloud,

2  Inc., such as the articles of incorporation, were included in Plaintiff's documents

3  production.

4      Accordingly, CVI submits that Plaintiff's frivolous objections should be

5  deemed waived, including any objections based on privilege due to Plaintiff's failure

6  to produce a privilege log, and Plaintiff should be compelled to produce all

7  documents in his custody and control responsive to CVI's document request No. 13.

8          **2.    Plaintiff's Argument**

9      The reason that no documents were produced in response to this Request is

10  that defendant Albanese was the partner tasked with forming Vape A Cloud, Inc.,

11  and all such documents are in his possession, custody, and control.

12      Plaintiffs properly limited the Request to those documents reflecting the

13  subject matter. Had defendants properly met and conferred on this Request,

14  Plaintiff could have received further guidance from defendants as to what

15  documents they were seeking, and the parties likely could have agreed to a proper

16  interpretation and limitation of the Request. Defendants' motion should be denied

17  here based on their failure to meet and confer in good faith as required by Fed. R.

18  Civ. P. 37 and L.R. 37-1. Before any discovery motion can be filed, counsel must

19  meet "in a good faith effort" to eliminate or narrow the dispute. Fed. R. Civ. P. 37,

20  L.R. 37-1. An in-person meeting is required if both counsel are in the same county;

21  otherwise, by telephone. L.R. 37–1. Failure to comply is ground for denial of a

22  motion to compel. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)

23  (motion to compel properly denied where moving party did not show parties had

24  attempted to confer in good faith to resolve discovery dispute before filing motion);

25  *Ross v. Citifinancial, Inc*., 203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort

26  to meet and confer is "mandatory prerequisite" on motion to compel); *Hager v.

27  Graham*, 267 F.R.D. 486, 491-492 (N.D. W. Va. 2010) (failure to confer or attempt

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

17

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  to confer is ground for denial of motion to compel).

2  Finally, as discussed in plaintiffs' argument section, there is no waiver of any

3  privilege here. Failure to produce a privilege log does not automatically waive the

4  privilege. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for*

5  *Dist. of Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has

6  discretion to reject a claim of privilege where an insufficient privilege log is

7  provided. *United States v. Construction Products Research, Inc*., 73 F.3d 464, 473

8  (2nd Cir. 1996); *see United States v. British American Tobacco (Investments) Ltd*.,

9  387 F.3d 884, 890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310

10  (N.D. Ill. 2007). In exercising that discretion, courts adopt a "holistic

11  reasonableness" analysis, considering such factors as: the magnitude of the

12  document requests; timeliness and specificity of the objection or claim of privilege;

13  particular circumstances making response to the discovery request unusually

14  difficult; and any tactical manipulation of the discovery rules and process.

15  *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

16  *Montana, supra*, 408 F.3d at 1149; *In re Dept. of Justice Subpoenas to ABC*, 263

17  F.R.D. 66, 70–71 (D. Mass. 2009).

18  In this case, plaintiffs were in the process of negotiating a protective order,

19  when defendants abruptly abandoned that process and filed this motion. Under

20  these circumstances waiver of any privilege would be unfair. *Burlington Northern*

21  *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

22  F.3d at 1149 (court should consider any tactical manipulation of the discovery

23  process in deciding waiver based on failure to provide a privilege log).

24  **B.  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14**

25  ALL DOCUMENTS REFLECTING or RELATING TO the formation of

26  CLOUD v. including, but not limited to, the articles of incorporation.

27  **PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

18

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1    Plaintiff specifically objects to this request on the grounds that it calls for the

2    production of attorney-client and/or work product privileged documents and

3    communications, and seeks to invade such privileges. Plaintiff further objects to this

4    request on the ground that it is vague, ambiguous and overbroad, particularly due to

5    the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek

6    documents reflecting the subject matter, and will not attempt to speculate on what

7    might "relate" to the subject matter. Subject to and without waiving the foregoing

8    general and specific objections, Plaintiff responds as follows:

9    Plaintiff will search for and produce responsive non-privileged documents, if

10   any, within his possession, custody or control.

11   **1.    CVI's Argument for Compelled Further Response and**

12   **Production of Document**

13   Cloud V, Inc. as we noted above, is the company Plaintiff formed without

14   including Mr. Albanese for the purposes of carrying on the joint venture business.

15   As such, Mr. Albanese alleges that this company is using the joint venture assets

16   (including the joint venture's intellectual property) to compete without providing

17   any compensation to Mr. Albanese. To the extent Plaintiff is withholding documents

18   based on privilege he must describe them in particularity in a privilege log to enable

19   CVI to assess the applicability of the asserted "privilege or protection." Here,

20   Plaintiff has failed to produce any such privilege log. In addition, CVI's document

21   request is not "vague, ambiguous or overbroad" as it very clearly seeks documents

22   which pertain to the formation of Cloud v. Enterprises ("Cloud V"). These

23   documents are relevant as Cloud v. is a party to this action and is also alleged by

24   Plaintiff to now own assets which were once the assets of the Joint Venture.

25   Documents pertaining to its operations, finances and viability as a legal entity is

26   relevant to Mr. Albanese's claims and thus should be produced to CVI. While

27   Plaintiff concludes his series of baseless of objections with the statement that he will

28   "search for and produce responsive non-privileged documents", <u>no</u> documents

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  pertaining to the formation of Cloud V, such as the articles of incorporation, were

2  included in Plaintiff's documents production.

3       Accordingly, CVI submits that Plaintiff's frivolous objections should be

4  deemed waived, including any objections based on privilege due to Plaintiff's

5  failure to produce a privilege log, and Plaintiff should be compelled to produce all

6  documents in his custody and control responsive to CVI's document request No. 14.

7  ## 2.    Plaintiff's Argument

8       Plaintiffs properly limited the Request to those documents reflecting the

9  subject matter. Had defendants properly met and conferred on this Request,

10  Plaintiff could have received further guidance from defendants as to what

11  documents they were seeking, and the parties likely could have agreed to a proper

12  interpretation and limitation of the Request. Defendants' motion should be denied

13  here based on their failure to meet and confer in good faith as required by Fed. R.

14  Civ. P. 37 and L.R. 37-1. Before any discovery motion can be filed, counsel must

15  meet "in a good faith effort" to eliminate or narrow the dispute. Fed. R. Civ. P. 37,

16  L.R. 37-1. An in-person meeting is required if both counsel are in the same county;

17  otherwise, by telephone. L.R. 37–1. Failure to comply is ground for denial of a

18  motion to compel. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)

19  (motion to compel properly denied where moving party did not show parties had

20  attempted to confer in good faith to resolve discovery dispute before filing motion);

21  *Ross v. Citifinancial, Inc*., 203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort

22  to meet and confer is "mandatory prerequisite" on motion to compel); *Hager v.*

23  *Graham*, 267 F.R.D. 486, 491-492 (N.D. W. Va. 2010) (failure to confer or attempt

24  to confer is ground for denial of motion to compel).

25       Finally, as discussed in plaintiffs' argument section, there is no waiver of any

26  privilege here. Failure to produce a privilege log does not automatically waive the

27  privilege. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for*

28  *Dist. of Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
20
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  discretion to reject a claim of privilege where an insufficient privilege log is

2  provided. *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473

3  (2nd Cir. 1996); *see United States v. British American Tobacco (Investments) Ltd.*,

4  387 F.3d 884, 890–891 (DC Cir. 2004); *Muro v. Target Corp.*, 243 FRD 301, 310

5  (N.D. Ill. 2007). In exercising that discretion, courts adopt a "holistic

6  reasonableness" analysis, considering such factors as: the magnitude of the

7  document requests; timeliness and specificity of the objection or claim of privilege;

8  particular circumstances making response to the discovery request unusually

9  difficult; and any tactical manipulation of the discovery rules and process.

10 *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

11 *Montana, supra*, 408 F.3d at 1149; *In re Dept. of Justice Subpoenas to ABC*, 263

12 F.R.D. 66, 70–71 (D. Mass. 2009).

13       In this case, plaintiffs were in the process of negotiating a protective order,

14 when defendants abruptly abandoned that process and filed this motion. Under

15 these circumstances waiver of any privilege would be unfair. *Burlington Northern*

16 *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

17 F.3d at 1149 (court should consider any tactical manipulation of the discovery

18 process in deciding waiver based on failure to provide a privilege log).

19 ### C.    REQUEST FOR PRODUCTION NO. 1:

20       ALL DOCUMENTS REFLECTING or RELATING TO the sale of vaporizer

21 products by CLOUD v. from June 2012 – Present including, but not limited to,

22 invoices to customers.

23 ### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 16

24       Plaintiff specifically objects to this request on the grounds that it calls for the

25 production of attorney-client and/or work product privileged documents and

26 communications, and seeks to invade such privileges. Plaintiff further objects to this

27 request on the ground that it is vague, ambiguous and overbroad, particularly due to

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

21

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence – the documents sought have no bearing on the claims or defenses in this case, are hugely voluminous, and are confidential and so commercially sensitive that disclosure to Defendant would cause Plaintiff competitive and economic harm.

### 1.   CVI's Argument for Compelled Further Response and Production of Documents

Plaintiff's contention that documents pertaining to the sale of compact vaporizer products by Cloud v. (the organization that Plaintiff formed to carry on the joint venture without Mr. Albanese' participation) are not likely to lead to the discovery of admissible evidence is false. Cloud v. according to the FAC has been using Joint Venture intellectual property to carry on what was formerly the Joint Venture business. While Plaintiffs contend this is proper (for reasons that are not clear) was is undeniable is that such forms the basis of Defendants' claims and thus the information related to Cloud V's activities (and sales) provides factual support for those claims. Mr. Eksouzian's and/or Cloud V's unauthorized use of the Joint Venture trademarks gives rise to damages as pled in Defendants' interference with prospective economic advantage and conversion claims. In addition, to the extent Cloud v. and/or Mr. Eksouzian have realized sales of their products using Joint Venture trademarks, Defendant Brett Albanese is entitled to an accounting reflecting his pro rata share due to his ownership interest in the parties' Joint Venture.

To the extent Cloud v. believes that information responsive to this request is confidential, it is free to designate these materials under the terms of the protective order proposed by Defendants on or around September 25, 2013. Subjecting Cloud V's allegedly confidential materials to the terms of the protective order should

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    alleviate any concerns Cloud v. has regarding disclosure.

2        Accordingly, Plaintiff's frivolous objections should be deemed waived,

3    including any objections based on privilege due to Plaintiff's failure to produce

4    a privilege log, and Plaintiff should be compelled to produce all documents in

5    his custody and control responsive to CVI's document Request No. 16.

6                    **2.    Plaintiff's Argument**

7        This Request calls for the production of documents which clearly contain

8    trade secrets and confidential commercial information that would very damaging if

9    it were placed in the hands of a competitor, such as defendants. The motion should

10   be denied as to this Request, because defendants have not met their burden of

11   showing the necessity of such information. As the Supreme Court has recognized:

12   "The federal courts have long recognized a qualified evidentiary privilege for trade

13   secrets and other confidential commercial information." *Federal Open Market*

14   *Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 356-57, 99 S. Ct.

15   2800, 2810, 61 L. Ed. 2d 587 (1979). Before the district court orders a disclosure of

16   a party's trade secrets or other confidential commercial information, the party

17   seeking disclosure of such information must carry the burden of proving that the

18   information sought is both relevant and necessary:

19        [T]he requirements of relevance and necessity must be established

20        where disclosure of a trade secret is sought whether sought under Rule

21        33 or 34, and that ***the burden rests upon the party seeking disclosure***

22        ***to establish that the trade secret sought is relevant and necessary to***

23        ***the prosecution or defense of the case before a court is justified in***

24        ***ordering disclosure***.

25   *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961)

26   (emphasis added). In this case, defendants have presented no evidence or argument

27   supporting either of these requisites. There is absolutely no reason that defendants

28   must, for example, have information identifying Cloud V's customers. Nor is there

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   any reason given as to why this discovery could not be shown to a discovery master

2   who could assess the information without making it available to defendants.

3   Further, there is no reason that this information need be made available to Albanese

4   until after he has proved that he is entitled to an accounting, notwithstanding the fact

5   that he materially breached the joint venture agreement by competing against his

6   partners. If defendants had met and conferred with plaintiffs on these issues,

7   plaintiffs could have explored them with defendants. Assuming defendants interest

8   lie anywhere other than in obtaining plaintiffs' trade secrets in order to unfairly

9   compete with defendants, then presumably the parties could have come to some

10  agreement on these issues.

11       Contrary to defendants' assertion, Albanese does not have a right to

12  sensitive financial information or trade secrets because of his status as a breaching

13  joint venture partner. Albanese's status as a breaching partner of the joint venture

14  or a minority shareholder in Vape A Cloud, Inc. does not entitle him to access

15  these trade secrets. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to

16  manage or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183

17  Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010)

18  (California corporations law confers no right on shareholders to discover corporate

19  records in ongoing lawsuit). As clearly alleged in plaintiffs' complaint, Albanese

20  has materially breached the terms of the joint venture by misappropriating property

21  and competing with the joint venture. First Amended Complaint, ¶¶ 14-22. As a

22  result, he may not now enforce his rights under that agreement by seeking to

23  misappropriate even more trade secrets of the partnership. Cal Corp. Code §

24  16603(1) (dissociating partner's right to manage or conduct partnership business

25  terminates). Furthermore, minority shareholders are not entitled access to a

26  corporation's trade secrets. *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107

27  Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law

28  confers no right on shareholders to discover corporate records in ongoing lawsuit).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Not surprisingly, defendants' assertions of their rights to access plaintiffs' trade

2  secrets comes forth devoid of any citation to legal authority. In short, defendants

3  have failed to satisfy their burden on this motion. *See Hartley Pen Co. v. U.S. Dist.*

4  *Court*, 287 F.2d 324, 331 (9th Cir. 1961) (party seeking discovery has burden of

5  showing necessity and relevance before production of trade secrets will be

6  permitted).

7          Under the facts here, plaintiffs have not waived any privileges by failing to

8  produce a privilege log. Where the responding party objects to the scope of a

9  discovery request that includes privileged documents, the court should rule first on

10  the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

11  951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

12  26(b)(5). No privilege log need be filed until after the court rules on the objection.

13  *Id*. Failure to produce a privilege log does not automatically waive the privilege.

14  *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

15  *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

16  reject a claim of privilege where an insufficient privilege log is provided. *United*

17  *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996);

18  *see United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884,

19  890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007).

20  In exercising that discretion, courts adopt a "holistic reasonableness" analysis,

21  considering such factors as: the magnitude of the document requests; timeliness and

22  specificity of the objection or claim of privilege; particular circumstances making

23  response to the discovery request unusually difficult; and any tactical manipulation

24  of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

25  *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

26  *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

27          In this case, plaintiffs were in the process of negotiating a protective order,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

25

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  when defendants abruptly abandoned that process and filed this motion. Under

2  these circumstances waiver of any privilege would be unfair. *Burlington Northern*

3  *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

4  F.3d at 1149 (court should consider any tactical manipulation of the discovery

5  process in deciding waiver based on failure to provide a privilege log).

6        Finally, defendants' motion should be denied and sanctions granted against

7  defendants for the independent reason that defendants have failed to meet and confer

8  in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before any

9  discovery motion can be filed, counsel must meet "in a good faith effort" to

10  eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting

11  is required if both counsel are in the same county; otherwise, by telephone. L.R. 37–

12  1. Failure to comply is ground for denial of a motion to compel. *See Robinson v.*

13  *Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly denied where

14  moving party did not show parties had attempted to confer in good faith to resolve

15  discovery dispute before filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239,

16  240 (S.D. Miss. 2001) (good faith effort to meet and confer is "mandatory

17  prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486, 491-492

18  (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for denial of

19  motion to compel).

20  ### D.    <u>REQUEST FOR PRODUCTION NO. 2:</u>

21        ALL DOCUMENTS REFLECTING or RELATING TO the sale of vaporizer

22  products by VCI from June 2012 – Present including, but not limited to, invoices to

23  customers.

24
25  ### <u>PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 17</u>

26        Plaintiff specifically objects to this request on the grounds that it calls for the

27  production of attorney-client and/or work product privileged documents and

28  communications, and seeks to invade such privileges. Plaintiff further objects to this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

26

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence – the documents sought have no bearing on the claims or defenses in this case, are hugely voluminous, and are confidential and so commercially sensitive that disclosure to Defendant would cause Plaintiff competitive and economic harm.

### 1.   CVI's Argument for Compelled Further Response and Production of Documents

Plaintiff's contention that documents pertaining to the sale of compact vaporizer products by Vape A Cloud, Inc. are not likely to lead to the discovery of admissible evidence is false. Defendant Brett Albanese is, according to Plaintiff's FAC, a part owner of Vape A Cloud, Inc. (FAC Docket No.17, ¶15). Defendants contend that Mr. Albanese interest in Vape A Cloud was divested unlawfully thus he brings claims in this action for an accounting for his pro rata share of any sales of compact vaporizer products realized by the company including those sales made using any of the trademarks owned by the Joint Venture.

To the extent Vape A Cloud, Inc. believes that information responsive to this request is confidential, it is free to designate these materials under the terms of the protective order proposed by Defendants on or around September 25, 2013. (*See* Draft Protective Order attached as Ex. "M" to the Collins Decl.). Subjecting Vape A Cloud, Inc.'s allegedly confidential materials to the terms of the protective order should alleviate any concerns with disclosure. Moreover, as a shareholder in Vape A Cloud, and as an alleged officer, Defendant Brett Albanese has a right to inspect the records of the company under Cal. Corp. Code section 1601 and 1602.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
27
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1    Accordingly, Plaintiff's frivolous objections should be deemed waived,

2  including any objections based on privilege due to Plaintiff's failure to produce

3  a privilege log, and Plaintiff should be compelled to produce all documents in

4  his custody and control responsive to CVI's document request No. 17.

5          **2.     Plaintiff's Argument**

6          This Request calls for the production of documents which clearly contain

7  trade secrets and confidential commercial information that would very damaging if

8  it were placed in the hands of a competitor, such as defendants. The motion should

9  be denied as to this Request, because defendants have not met their burden of

10 showing the necessity of such information. As the Supreme Court has recognized:

11 "The federal courts have long recognized a qualified evidentiary privilege for trade

12 secrets and other confidential commercial information." *Federal Open Market*

13 *Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 356-57, 99 S. Ct.

14 2800, 2810, 61 L. Ed. 2d 587 (1979). Before the district court orders a disclosure of

15 a party's trade secrets or other confidential commercial information, the party

16 seeking disclosure of such information must carry the burden of proving that the

17 information sought is both relevant and necessary:

18         [T]he requirements of relevance and necessity must be established

19         where disclosure of a trade secret is sought whether sought under Rule

20         33 or 34, and that ***the burden rests upon the party seeking disclosure***

21         ***to establish that the trade secret sought is relevant and necessary to***

22         ***the prosecution or defense of the case before a court is justified in***

23         ***ordering disclosure***.

24 *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961)

25 (emphasis added). In this case, defendants have presented no evidence or argument

26 supporting either of these requisites. There is absolutely no reason that defendants

27 must, for example, have information identifying Vape A Cloud's customers. Nor is

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

there any reason given as to why this discovery could not be shown to a discovery master who could assess the information without making it available to defendants. Further, there is no reason that this information need be made available to Albanese until after he has proved that he is entitled to an accounting, notwithstanding the fact that he materially breached the joint venture agreement by competing against his partners. If defendants had met and conferred with plaintiffs on these issues, plaintiffs could have explored them with defendants. Assuming defendants interest lie anywhere other than in obtaining plaintiffs' trade secrets in order to unfairly compete with defendants, then presumably the parties could have come to some agreement on these issues.

Contrary to defendants' assertion, Albanese does not have a right to sensitive financial information or trade secrets because of his status as a breaching joint venture partner. Albanese's status as a breaching partner of the joint venture or a minority shareholder in Vape A Cloud, Inc. does not entitle him to access these trade secrets. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to manage or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law confers no right on shareholders to discover corporate records in ongoing lawsuit). As clearly alleged in plaintiffs' complaint, Albanese has materially breached the terms of the joint venture by misappropriating property and competing with the joint venture. First Amended Complaint, ¶¶ 14-22. As a result, he may not now enforce his rights under that agreement by seeking to misappropriate even more trade secrets of the partnership. Cal Corp. Code § 16603(1) (dissociating partner's right to manage or conduct partnership business terminates). Furthermore, minority shareholders are not entitled access to a corporation's trade secrets. *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  confers no right on shareholders to discover corporate records in ongoing lawsuit).

2  Not surprisingly, defendants' assertions of their rights to access plaintiffs' trade

3  secrets comes forth devoid of any citation to legal authority. In short, defendants

4  have failed to satisfy their burden on this motion. *See Hartley Pen Co. v. U.S. Dist.*

5  *Court*, 287 F.2d 324, 331 (9th Cir. 1961) (party seeking discovery has burden of

6  showing necessity and relevance before production of trade secrets will be

7  permitted).

8         Under the facts here, plaintiffs have not waived any privileges by failing to

9  produce a privilege log. Where the responding party objects to the scope of a

10  discovery request that includes privileged documents, the court should rule first on

11  the permissible scope of discovery. *See United States v. Philip Morris Inc.*, 347 F3d

12  951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

13  26(b)(5). No privilege log need be filed until after the court rules on the objection. *Id.*

14  Failure to produce a privilege log does not automatically waive the privilege.

15  *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

16  *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

17  reject a claim of privilege where an insufficient privilege log is provided. *United*

18  *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996); *see*

19  *United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884, 890–

20  891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007). In

21  exercising that discretion, courts adopt a "holistic reasonableness" analysis,

22  considering such factors as: the magnitude of the document requests; timeliness and

23  specificity of the objection or claim of privilege; particular circumstances making

24  response to the discovery request unusually difficult; and any tactical manipulation

25  of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

26  *United States Dist. Court of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

27  *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

28         In this case, plaintiffs were in the process of negotiating a protective order,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1                          30
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1 when defendants abruptly abandoned that process and filed this motion. Under

2 these circumstances waiver of any privilege would be unfair. *Burlington Northern*

3 *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

4 F.3d at 1149 (court should consider any tactical manipulation of the discovery

5 process in deciding waiver based on failure to provide a privilege log).

6      Finally, defendants' motion should be denied and sanctions granted against

7 defendants for the independent reason that defendants have failed to meet and confer

8 in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before any

9 discovery motion can be filed, counsel must meet "in a good faith effort" to

10 eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting

11 is required if both counsel are in the same county; otherwise, by telephone. L.R. 37–

12 1. Failure to comply is ground for denial of a motion to compel. *See Robinson v.*

13 *Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly denied where

14 moving party did not show parties had attempted to confer in good faith to resolve

15 discovery dispute before filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239,

16 240 (S.D. Miss. 2001) (good faith effort to meet and confer is "mandatory

17 prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486, 491-492

18 (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for denial of

19 motion to compel).

20     **E.**     **REQUEST FOR PRODUCTION NO. 3:**

21     ALL DOCUMENTS REFLECTING or RELATING TO the sale of vaporizer

22 products by YOU from June 2012 – Present including, but not limited to, invoices to

23 customers.

24     **PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

25     Plaintiff specifically objects to this request on the grounds that it calls for the

26 production of attorney-client and/or work product privileged documents and

27 communications, and seeks to invade such privileges. Plaintiff further objects to this

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW



4830-5392-0534.1

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  request on the ground that it is vague, ambiguous and overbroad, particularly due to

2  the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek

3  documents reflecting the subject matter, and will not attempt to speculate on what

4  might "relate" to the subject matter. Plaintiff further objects to this request on the

5  ground that it is unduly burdensome, overly broad, and not reasonably calculated to

6  lead to the discovery of admissible evidence – the documents sought have no

7  bearing on the claims or defenses in this case, are hugely voluminous, and are

8  confidential and so commercially sensitive that disclosure to Defendant would cause

9  Plaintiff competitive and economic harm.

### 1.    CVI's Argument for Compelled Further Response and Production of Documents

12        This request for production is intended to capture sales by Vahan Eksouzian

13  directly rather than through the entities Cloud v. or Vape A Cloud, Inc. The grounds

14  for compelled production of these documents are the same as for requests Nos. 16

15  and 17 – Defendant Brett Albanese brings claims in this action for an accounting for

16  his pro rata share of any sales of compact vaporizer products realized by Vahan

17  Eksouzian, and/or the companies he owns and controls, which sales were made

18  using any of the trademarks owned by the Joint Venture.

19        To the extent Vape A Cloud, Inc. believes that information responsive to

20  this request is confidential, it is free to designate these materials under the terms of

21  the protective order proposed by Defendants on or around September 25, 2013.

22  (*See* Draft Protective Order attached as Ex. "__" to the Collins Decl.). Subjecting

23  Vape A Cloud, Inc.'s allegedly confidential materials to the terms of the protective

24  order should alleviate any concerns with disclosure. Moreover, as a shareholder in

25  Vape A Cloud, and as an alleged officer, Defendant Brett Albanese has a right to

26  inspect the records of the company under Cal. Corp. Code section 1601 and 1602

27  (See section ___ below).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Accordingly, Plaintiff's frivolous objections should be deemed waived, including any objections based on privilege due to Plaintiff's failure to produce a privilege log, and Plaintiff should be compelled to produce all documents in his custody and control responsive to CVI's document request No. 18.

## 2.   Plaintiff's Argument

This Request calls for the production of documents which clearly contain trade secrets and confidential commercial information that would very damaging if it were placed in the hands of a competitor, such as defendants. The motion should be denied as to this Request, because defendants have not met their burden of showing the necessity of such information. As the Supreme Court has recognized: "The federal courts have long recognized a qualified evidentiary privilege for trade secrets and other confidential commercial information." *Federal Open Market Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 356-57, 99 S. Ct. 2800, 2810, 61 L. Ed. 2d 587 (1979). Before the district court orders a disclosure of a party's trade secrets or other confidential commercial information, the party seeking disclosure of such information must carry the burden of proving that the information sought is both relevant and necessary:

> [T]he requirements of relevance and necessity must be established where disclosure of a trade secret is sought whether sought under Rule 33 or 34, and that ***the burden rests upon the party seeking disclosure to establish that the trade secret sought is relevant and necessary to the prosecution or defense of the case before a court is justified in ordering disclosure***.

*Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961) (emphasis added). In this case, defendants have presented no evidence or argument supporting either of these requisites. There is absolutely no reason that defendants must, for example, have information identifying plaintiffs' customers. Nor is there

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  any reason given as to why this discovery could not be shown to a discovery master

2  who could assess the information without making it available to defendants.

3  Further, there is no reason that this information need be made available to Albanese

4  until after he has proved that he is entitled to an accounting, notwithstanding the fact

5  that he materially breached the joint venture agreement by competing against his

6  partners. If defendants had met and conferred with plaintiffs on these issues,

7  plaintiffs could have explored them with defendants. Assuming defendants interest

8  lie anywhere other than in obtaining plaintiffs' trade secrets in order to unfairly

9  compete with defendants, then presumably the parties could have come to some

10  agreement on these issues.

11       Contrary to defendants' assertion, Albanese does not have a right to sensitive

12  financial information or trade secrets because of his status as a breaching joint

13  venture partner. Albanese's status as a breaching partner of the joint venture or a

14  minority shareholder in Vape A Cloud, Inc. does not entitle him to access these

15  trade secrets. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to

16  manage or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183

17  Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010)

18  (California corporations law confers no right on shareholders to discover

19  corporate records in ongoing lawsuit). As clearly alleged in plaintiffs' complaint,

20  Albanese has materially breached the terms of the joint venture by

21  misappropriating property and competing with the joint venture. First Amended

22  Complaint, ¶¶ 14-22. As a result, he may not now enforce his rights under that

23  agreement by seeking to misappropriate even more trade secrets of the

24  partnership. Cal Corp. Code § 16603(1) (dissociating partner's right to manage or

25  conduct partnership business terminates). Furthermore, minority shareholders are

26  not entitled access to a corporation's trade secrets. *Bezirdjian v. O'Reilly*, 183

27  Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010)

28  (California corporations law confers no right on shareholders to discover

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1                                 34

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  corporate records in ongoing lawsuit). Not surprisingly, defendants' assertions of

2  their rights to access plaintiffs' trade secrets comes forth devoid of any citation to

3  legal authority. In short, defendants have failed to satisfy their burden on this

4  motion. *See Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir.

5  1961) (party seeking discovery has burden of showing necessity and relevance

6  before production of trade secrets will be permitted).

7       Under the facts here, plaintiffs have not waived any privileges by failing to

8  produce a privilege log. Where the responding party objects to the scope of a

9  discovery request that includes privileged documents, the court should rule first on

10  the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

11  951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

12  26(b)(5). No privilege log need be filed until after the court rules on the objection.

13  *Id*. Failure to produce a privilege log does not automatically waive the privilege.

14  *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

15  *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

16  reject a claim of privilege where an insufficient privilege log is provided. *United*

17  *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996);

18  *see United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884,

19  890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007).

20  In exercising that discretion, courts adopt a "holistic reasonableness" analysis,

21  considering such factors as: the magnitude of the document requests; timeliness and

22  specificity of the objection or claim of privilege; particular circumstances making

23  response to the discovery request unusually difficult; and any tactical manipulation

24  of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

25  *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

26  *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

27       In this case, plaintiffs were in the process of negotiating a protective order,

28  when defendants abruptly abandoned that process and filed this motion. Under

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1                                    35
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  these circumstances waiver of any privilege would be unfair. *Burlington Northern*

2  *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

3  F.3d at 1149 (court should consider any tactical manipulation of the discovery

4  process in deciding waiver based on failure to provide a privilege log).

5        Finally, defendants' motion should be denied and sanctions granted against

6  defendants for the independent reason that defendants have failed to meet and confer

7  in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before any

8  discovery motion can be filed, counsel must meet "in a good faith effort" to

9  eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting

10 is required if both counsel are in the same county; otherwise, by telephone. L.R. 37–

11 1. Failure to comply is ground for denial of a motion to compel. *See Robinson v.*

12 *Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly denied where

13 moving party did not show parties had attempted to confer in good faith to resolve

14 discovery dispute before filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239,

15 240 (S.D. Miss. 2001) (good faith effort to meet and confer is "mandatory

16 prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486, 491-492

17 (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for denial of

18 motion to compel).

19     **F.**    **REQUEST FOR PRODUCTION NO. 4:**

20       ALL DOCUMENTS REFLECTING or RELATING TO the importation of

21 vaporizer products by VCI from June 2012 – Present including, but not limited to,

22 invoices, customs documents and bills of lading.

23     **PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

24       Plaintiff specifically objects to this request on the grounds that it calls for the

25 production of attorney-client and/or work product privileged documents and

26 communications, and seeks to invade such privileges. Plaintiff further objects to this

27 request on the ground that it is vague, ambiguous and overbroad, particularly due to

28

36

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence – the documents sought have no bearing on the claims or defenses in this case, are hugely voluminous, and are confidential and so commercially sensitive that disclosure to Defendant would cause Plaintiff competitive and economic harm.

### 1.    CVI's Argument for Compelled Further Response and Production of Documents

Plaintiff's contention that documents pertaining to importation of compact vaporizer products by Vape A Cloud, Inc. are not likely to lead to the discovery of admissible evidence is false. Defendant Brett Albanese is part owner of Vape A Cloud, Inc. and brings claims in this action for an accounting for his pro rata share of any sales of compact vaporizer products realized by the company including those sales made using any of the trademarks owned by the Joint Venture. Mr. Albanese should thus be entitled to review importation records reflecting quantity of product imported and the cost of said product to determine his entitlement to profits realized on the sale of these products.

To the extent Vape A Cloud believes that information responsive to this request is confidential, it is free to designate these materials under the terms of the protective order proposed by Defendants on or around September 25, 2013. (*See* Draft Protective Order attached as Ex. "__" to the Collins Decl.). Subjecting Vape A Cloud, Inc.'s allegedly confidential materials to the terms of the protective order should alleviate any concerns with disclosure. Moreover, as a shareholder in Vape A Cloud, and as an alleged officer, Defendant Brett Albanese has a right to inspect the records of the company under Cal. Corp. Code section 1601 and 1602 (See

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   section ___ below). Subjecting Vape A Cloud, Inc.'s allegedly confidential

2   materials to the terms of the protective order should alleviate any concerns with

3   disclosure. Moreover, as a shareholder in Vape A Cloud, and as an alleged officer,

4   Defendant Brett Albanese has a right to inspect the records of the company under

5   Cal. Corp. Code section 1601 and 1602 (See section ___ below), including those

6   reflecting or relating to product importation.

7       Accordingly, Plaintiff's frivolous objections should be deemed waived,

8   including any objections based on privilege due to Plaintiff's failure to produce a

9   privilege log, and Plaintiff should be compelled to produce all documents in his

10  custody and control responsive to CVI's document request No. 19.

### 2.    Plaintiff's Argument

12      This Request calls for the production of documents which clearly contain

13  trade secrets and confidential commercial information that would very damaging if

14  it were placed in the hands of a competitor, such as defendants. The motion should

15  be denied as to this Request, because defendants have not met their burden of

16  showing the necessity of such information. As the Supreme Court has recognized:

17  "The federal courts have long recognized a qualified evidentiary privilege for trade

18  secrets and other confidential commercial information." *Federal Open Market*

19  *Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 356-57, 99 S. Ct.

20  2800, 2810, 61 L. Ed. 2d 587 (1979). Before the district court orders a disclosure of

21  a party's trade secrets or other confidential commercial information, the party

22  seeking disclosure of such information must carry the burden of proving that the

23  information sought is both relevant and necessary:

24      [T]he requirements of relevance and necessity must be established

25      where disclosure of a trade secret is sought whether sought under Rule

26      33 or 34, and that ***the burden rests upon the party seeking disclosure***

27      ***to establish that the trade secret sought is relevant and necessary to***

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    *the prosecution or defense of the case before a court is justified in*

2    *ordering disclosure*.

3       *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961)

4    (emphasis added). In this case, defendants have presented no evidence or argument

5    supporting either of these requisites.

6       Contrary to defendants' assertion, Albanese does not have a right to sensitive

7    financial information or trade secrets because of his status as a breaching joint

8    venture partner. Albanese's status as a breaching partner of the joint venture or a

9    minority shareholder in Vape A Cloud, Inc. does not entitle him to access these

10   trade secrets. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to manage

11   or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183 Cal. App.

12   4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California

13   corporations law confers no right on shareholders to discover corporate records in

14   ongoing lawsuit). As clearly alleged in plaintiffs' complaint, Albanese has

15   materially breached the terms of the joint venture by misappropriating property and

16   competing with the joint venture. First Amended Complaint, ¶¶ 14-22. As a result,

17   he may not now enforce his rights under that agreement by seeking to

18   misappropriate even more trade secrets of the partnership. Cal Corp. Code §

19   16603(1) (dissociating partner's right to manage or conduct partnership business

20   terminates). Furthermore, minority shareholders are not entitled access to a

21   corporation's trade secrets. *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107

22   Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law

23   confers no right on shareholders to discover corporate records in ongoing lawsuit).

24   Not surprisingly, defendants' assertions of their rights to access plaintiffs' trade

25   secrets comes forth devoid of any citation to legal authority. In short, defendants

26   have failed to satisfy their burden on this motion. *See Hartley Pen Co. v. U.S. Dist.*

27   *Court*, 287 F.2d 324, 331 (9th Cir. 1961) (party seeking discovery has burden of

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1 showing necessity and relevance before production of trade secrets will be

2 permitted).

3       Under the facts here, plaintiffs have not waived any privileges by failing to

4 produce a privilege log. Where the responding party objects to the scope of a

5 discovery request that includes privileged documents, the court should rule first on

6 the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

7 951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

8 26(b)(5). No privilege log need be filed until after the court rules on the objection.

9 *Id*. Failure to produce a privilege log does not automatically waive the privilege.

10 *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

11 *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

12 reject a claim of privilege where an insufficient privilege log is provided. *United*

13 *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996);

14 *see United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884,

15 890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007).

16 In exercising that discretion, courts adopt a "holistic reasonableness" analysis,

17 considering such factors as: the magnitude of the document requests; timeliness and

18 specificity of the objection or claim of privilege; particular circumstances making

19 response to the discovery request unusually difficult; and any tactical manipulation

20 of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

21 *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

22 *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

23       In this case, plaintiffs were in the process of negotiating a protective order,

24 when defendants abruptly abandoned that process and filed this motion. Under

25 these circumstances waiver of any privilege would be unfair. *Burlington Northern*

26 *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

27 F.3d at 1149 (court should consider any tactical manipulation of the discovery

28 process in deciding waiver based on failure to provide a privilege log).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Finally, defendants' motion should be denied and sanctions granted against

2   defendants for the independent reason that defendants have failed to meet and

3   confer in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before

4   any discovery motion can be filed, counsel must meet "in a good faith effort" to

5   eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person

6   meeting is required if both counsel are in the same county; otherwise, by telephone.

7   L.R. 37–1. Failure to comply is ground for denial of a motion to compel. *See*

8   *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly

9   denied where moving party did not show parties had attempted to confer in good

10  faith to resolve discovery dispute before filing motion); *Ross v. Citifinancial, Inc.*,

11  203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort to meet and confer is

12  "mandatory prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486,

13  491-492 (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for

14  denial of motion to compel).

### G.   REQUEST FOR PRODUCTION NO. 5:

15  ALL DOCUMENTS REFLECTING or RELATING TO the importation of

16  vaporizer products by YOU from June 2012 – Present including, but not limited

17  to, invoices, customs documents and bills of lading.

18  **PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

19  Plaintiff specifically objects to this request on the grounds that it calls for the

20  production of attorney-client and/or work product privileged documents and

21  communications, and seeks to invade such privileges. Plaintiff further objects to this

22  request on the ground that it is vague, ambiguous and overbroad, particularly due to

23  the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek

24  documents reflecting the subject matter, and will not attempt to speculate on what

25  might "relate" to the subject matter. Plaintiff further objects to this request on the

26  ground that it is unduly burdensome, overly broad, and not reasonably calculated to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
41
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

lead to the discovery of admissible evidence – the documents sought have no bearing on the claims or defenses in this case, are hugely voluminous, and are confidential and so commercially sensitive that disclosure to Defendant would cause Plaintiff competitive and economic harm.

### 1. CVI's Argument for Compelled Further Response and Production of Documents

This request for production is intended to capture importation by Vahan Eksouzian and his agents. The grounds for compelled production of these documents are the same as for requests Nos. 16 and 17 – Defendant Brett Albanese brings claims in this action for an accounting for his pro rata share of any sales of compact vaporizer products realized by Vahan Eksouzian, and/or the companies he owns and controls, which sales were made using any of the trademarks owned by the Joint Venture. Mr. Albanese should thus be entitled to review importation records reflecting quantity of product imported and the cost of said product to determine his entitlement to profits realized on the sale of these products.

Accordingly, Plaintiff's frivolous objections should be deemed waived, including any objections based on privilege due to Plaintiff's failure to produce a privilege log, and Plaintiff should be compelled to produce all documents in his custody and control responsive to CVI's document request No. 20.

### 2. Plaintiff's Argument

This Request calls for the production of documents which clearly contain trade secrets and confidential commercial information that would very damaging if it were placed in the hands of a competitor, such as defendants. The motion should be denied as to this Request, because defendants have not met their burden of showing the necessity of such information. As the Supreme Court has recognized: "The federal courts have long recognized a qualified evidentiary privilege for trade secrets and other confidential commercial information." *Federal Open Market*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  *Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 356-57, 99 S. Ct.

2  2800, 2810, 61 L. Ed. 2d 587 (1979). Before the district court orders a disclosure of

3  a party's trade secrets or other confidential commercial information, the party

4  seeking disclosure of such information must carry the burden of proving that the

5  information sought is both relevant and necessary:

6    [T]he requirements of relevance and necessity must be established

7    where disclosure of a trade secret is sought whether sought under Rule

8    33 or 34, and that ***the burden rests upon the party seeking disclosure***

9    ***to establish that the trade secret sought is relevant and necessary to***

10    ***the prosecution or defense of the case before a court is justified in***

11    ***ordering disclosure***.

12  *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961)

13  (emphasis added). In this case, defendants have presented no evidence or argument

14  supporting either of these requisites.

15    Contrary to defendants' assertion, Albanese does not have a right to

16  sensitive financial information or trade secrets because of his status as a breaching

17  joint venture partner. Albanese's status as a breaching partner of the joint venture

18  or a minority shareholder in Vape A Cloud, Inc. does not entitle him to access

19  these trade secrets. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to

20  manage or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183 Cal.

21  App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California

22  corporations law confers no right on shareholders to discover corporate records in

23  ongoing lawsuit). As clearly alleged in plaintiffs' complaint, Albanese has

24  materially breached the terms of the joint venture by misappropriating property and

25  competing with the joint venture. First Amended Complaint, ¶¶ 14-22. As a result,

26  he may not now enforce his rights under that agreement by seeking to

27  misappropriate even more trade secrets of the partnership. Cal Corp. Code §

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
43
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  16603(1) (dissociating partner's right to manage or conduct partnership business

2  terminates). Furthermore, minority shareholders are not entitled access to a

3  corporation's trade secrets. *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107

4  Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law

5  confers no right on shareholders to discover corporate records in ongoing lawsuit).

6  Not surprisingly, defendants' assertions of their rights to access plaintiffs' trade

7  secrets comes forth devoid of any citation to legal authority. In short, defendants

8  have failed to satisfy their burden on this motion. *See Hartley Pen Co. v. U.S. Dist.

9  Court*, 287 F.2d 324, 331 (9th Cir. 1961) (party seeking discovery has burden of

10  showing necessity and relevance before production of trade secrets will be

11  permitted).

12        Under the facts here, plaintiffs have not waived any privileges by failing to

13  produce a privilege log. Where the responding party objects to the scope of a

14  discovery request that includes privileged documents, the court should rule first on

15  the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

16  951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

17  26(b)(5). No privilege log need be filed until after the court rules on the objection.

18  *Id*. Failure to produce a privilege log does not automatically waive the privilege.

19  *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of

20  Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

21  reject a claim of privilege where an insufficient privilege log is provided. *United

22  States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996); *see

23  United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884, 890–

24  891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007). In

25  exercising that discretion, courts adopt a "holistic reasonableness" analysis,

26  considering such factors as: the magnitude of the document requests; timeliness and

27  specificity of the objection or claim of privilege; particular circumstances making

28  response to the discovery request unusually difficult; and any tactical manipulation

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept. of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

In this case, plaintiffs were in the process of negotiating a protective order, when defendants abruptly abandoned that process and filed this motion. Under these circumstances waiver of any privilege would be unfair. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149 (court should consider any tactical manipulation of the discovery process in deciding waiver based on failure to provide a privilege log).

Finally, defendants' motion should be denied and sanctions granted against defendants for the independent reason that defendants have failed to meet and confer in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before any discovery motion can be filed, counsel must meet "in a good faith effort" to eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting is required if both counsel are in the same county; otherwise, by telephone. L.R. 37–1. Failure to comply is ground for denial of a motion to compel. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly denied where moving party did not show parties had attempted to confer in good faith to resolve discovery dispute before filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort to meet and confer is 491-492 (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for denial of motion to compel).

## H.    REQUEST FOR PRODUCTION NO. 6:

ALL DOCUMENTS REFLECTING or RELATING TO the importation of vaporizer products by CLOUD v. from June 2012 – Present including, but not limited to, invoices, customs documents and bills of lading.

### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 21

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence – the documents sought have no bearing on the claims or defenses in this case, are hugely voluminous, and are confidential and so commercially sensitive that disclosure to Defendant would cause Plaintiff competitive and economic harm.

### 1.    CVI's Argument for Compelled Further Response and Production of Documents

This request for production is intended to capture importation of compact vaporizer products by Cloud v. and its agents. The grounds for compelled production of these documents are the same as for requests Nos. 16-20 – Defendant Brett Albanese brings claims in this action for an accounting for his pro rata share of any sales of compact vaporizer products realized by Vahan Eksouzian, and/or the companies he owns and controls (including Vape A Cloud or Cloud V), which sales were made using any of the trademarks owned by the Joint Venture. Mr. Albanese should thus be entitled to review importation records reflecting quantity of product imported and the cost of said product to determine his entitlement to profits realized on the sale of these products.

Accordingly, Plaintiff's frivolous objections should be deemed waived, including any objections based on privilege due to Plaintiff's failure to produce a privilege log, and Plaintiff should be compelled to produce all documents in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

46

his custody and control responsive to CVI's document request No. 20.

### 2.     Plaintiff's Argument

This Request calls for the production of documents which clearly contain trade secrets and confidential commercial information that would very damaging if it were placed in the hands of a competitor, such as defendants. The motion should be denied as to this Request, because defendants have not met their burden of showing the necessity of such information. As the Supreme Court has recognized: "The federal courts have long recognized a qualified evidentiary privilege for trade secrets and other confidential commercial information." *Federal Open Market Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 356-57, 99 S. Ct. 2800, 2810, 61 L. Ed. 2d 587 (1979). Before the district court orders a disclosure of a party's trade secrets or other confidential commercial information, the party seeking disclosure of such information must carry the burden of proving that the information sought is both relevant and necessary:

[T]he requirements of relevance and necessity must be established where disclosure of a trade secret is sought whether sought under Rule 33 or 34, and that *the burden rests upon the party seeking disclosure to establish that the trade secret sought is relevant and necessary to the prosecution or defense of the case before a court is justified in ordering disclosure*.

*Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961) (emphasis added). In this case, defendants have presented no evidence or argument supporting either of these requisites.

Contrary to defendants' assertion, Albanese does not have a right to sensitive financial information or trade secrets because of his status as a breaching joint venture partner. Albanese's status as a breaching partner of the joint venture or a minority shareholder in Vape A Cloud, Inc. does not entitle him to access these trade secrets. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

47

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF
DOCUMENTS

1   manage or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183

2   Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010)

3   (California corporations law confers no right on shareholders to discover corporate

4   records in ongoing lawsuit). As clearly alleged in plaintiffs' complaint, Albanese

5   has materially breached the terms of the joint venture by misappropriating property

6   and competing with the joint venture. First Amended Complaint, ¶¶ 14-22. As a

7   result, he may not now enforce his rights under that agreement by seeking to

8   misappropriate even more trade secrets of the partnership. Cal Corp. Code §

9   16603(1) (dissociating partner's right to manage or conduct partnership business

10  terminates). Furthermore, minority shareholders are not entitled access to a

11  corporation's trade secrets. *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107

12  Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law

13  confers no right on shareholders to discover corporate records in ongoing lawsuit).

14  Not surprisingly, defendants' assertions of their rights to access plaintiffs' trade

15  secrets comes forth devoid of any citation to legal authority. In short, defendants

16  have failed to satisfy their burden on this motion. *See Hartley Pen Co. v. U.S. Dist.*

17  *Court*, 287 F.2d 324, 331 (9th Cir. 1961) (party seeking discovery has burden of

18  showing necessity and relevance before production of trade secrets will be

19  permitted).

20        Under the facts here, plaintiffs have not waived any privileges by failing to

21  produce a privilege log. Where the responding party objects to the scope of a

22  discovery request that includes privileged documents, the court should rule first on

23  the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347

24  F3d 951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to

25  FRCP 26(b)(5). No privilege log need be filed until after the court rules on the

26  objection. *Id*. Failure to produce a privilege log does not automatically waive the

27  privilege. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for*

28  *Dist. of Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  discretion to reject a claim of privilege where an insufficient privilege log is

2  provided. *United States v. Construction Products Research, Inc*., 73 F.3d 464, 473

3  (2nd Cir. 1996); *see United States v. British American Tobacco (Investments) Ltd*.,

4  387 F.3d 884, 890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310

5  (N.D. Ill. 2007). In exercising that discretion, courts adopt a "holistic

6  reasonableness" analysis, considering such factors as: the magnitude of the

7  document requests; timeliness and specificity of the objection or claim of

8  privilege; particular circumstances making response to the discovery request

9  unusually difficult; and any tactical manipulation of the discovery rules and

10  process. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for

11  Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept. of Justice Subpoenas to

12  ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

13      In this case, plaintiffs were in the process of negotiating a protective order,

14  when defendants abruptly abandoned that process and filed this motion. Under

15  these circumstances waiver of any privilege would be unfair. *Burlington Northern

16  & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

17  F.3d at 1149 (court should consider any tactical manipulation of the discovery

18  process in deciding waiver based on failure to provide a privilege log).

19      Finally, defendants' motion should be denied and sanctions granted against

20  defendants for the independent reason that defendants have failed to meet and confer

21  in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before any

22  discovery motion can be filed, counsel must meet "in a good faith effort" to

23  eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting

24  is required if both counsel are in the same county; otherwise, by telephone. L.R. 37–

25  1. Failure to comply is ground for denial of a motion to compel. *See Robinson v.

26  Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly denied where

27  moving party did not show parties had attempted to confer in good faith to resolve

28  discovery dispute before filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
49
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

240 (S.D. Miss. 2001) (good faith effort to meet and confer is "mandatory prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486, 491-492 (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for denial of motion to compel).

## I.     REQUEST FOR PRODUCTION NO. 7 AND 23:

REQUEST 22- ALL DOCUMENTS REFLECTING or RELATING TO the financials of the JOINT VENTURE including, but not limited to, financial statements, profit and loss statements and purchase orders to suppliers.

REQUEST 23-ALL DOCUMENTS REFLECTING or RELATING TO the financials of VCI including, but not limited to, financial statements, profit and loss statements and purchase orders to suppliers.

## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 22 and 23.

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

Plaintiff will search for and produce responsive non-privileged documents, if any, within his possession, custody or control.

### 1.     CVI's Argument for Compelled Further Response and Production of Documents

As stated above, as a partner in the Joint Venture, Mr. Albanese has a right to inspect the financial documents of the Joint Venture. For example, Plaintiff has

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

50

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  produced the 2012 tax return for Vape A Cloud (the Joint Venture company) which

2  illustrates apparently, $187,468 in gross sales. But, Plaintiffs has produced almost

3  no back up. We have no invoices, no purchase order, no import documents, no

4  communications with suppliers, importers or customers. In sum, Plaintiffs have

5  withheld relevant documents which must be produced.

6      Again, Plaintiff concludes his series of baseless of objections to request for

7  production No. 22 and 23 with the statement that he will "search for and produce

8  responsive non-privileged documents..." However, Plaintiff has failed to produce

9  complete financial records for the activity of the Joint Venture.

10     Accordingly, CVI submits that Plaintiff's frivolous objections should be

11  deemed waived, including any objections based on privilege due to Plaintiff's failure

12  to produce a privilege log, and Plaintiff should be compelled to produce all

13  documents in his custody and control responsive to CVI's document request No. 22.

14                    **2.       Plaintiff's Argument**

15     It is telling that these requests specifically single out "purchase orders to

16  suppliers" as the information specifically sought, in addition to other sensitive

17  financial information that would enable defendants to more effectively compete

18  against plaintiffs. This Request calls for the production of documents which clearly

19  contain trade secrets and confidential commercial information that would very

20  damaging if it were placed in the hands of a competitor, such as defendants. The

21  motion should be denied as to this Request, because defendants have not met their

22  burden of showing the necessity of such information. As the Supreme Court has

23  recognized: "The federal courts have long recognized a qualified evidentiary

24  privilege for trade secrets and other confidential commercial information." *Federal*

25  *Open Market Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 35657,

26  99 S. Ct. 2800, 2810, 61 L. Ed. 2d 587 (1979). Before the district court orders a

27  disclosure of a party's trade secrets or other confidential commercial information,

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1                                        51
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

the party seeking disclosure of such information must carry the burden of proving that the information sought is both relevant and necessary:

> [T]he requirements of relevance and necessity must be established where disclosure of a trade secret is sought whether sought under Rule 33 or 34, and that ***the burden rests upon the party seeking disclosure to establish that the trade secret sought is relevant and necessary to the prosecution or defense of the case before a court is justified in ordering disclosure***.

*Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961) (emphasis added). In this case, defendants have presented no evidence or argument supporting either of these requisites.

Contrary to defendants' assertion, Albanese does not have a right to sensitive financial information or trade secrets because of his status as a breaching joint venture partner. Albanese's status as a breaching partner of the joint venture or a minority shareholder in Vape A Cloud, Inc. does not entitle him to access these trade secrets. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to manage or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law confers no right on shareholders to discover corporate records in ongoing lawsuit). As clearly alleged in plaintiffs' complaint, Albanese has materially breached the terms of the joint venture by misappropriating property and competing with the joint venture. First Amended Complaint, ¶¶ 14-22. As a result, he may not now enforce his rights under that agreement by seeking to misappropriate even more trade secrets of the partnership. Cal Corp. Code § 16603(1) (dissociating partner's right to manage or conduct partnership business terminates). Furthermore, minority shareholders are not entitled access to a corporation's trade secrets. *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law

2  confers no right on shareholders to discover corporate records in ongoing lawsuit).

3  Not surprisingly, defendants' assertions of their rights to access plaintiffs' trade

4  secrets comes forth devoid of any citation to legal authority. In short, defendants

5  have failed to satisfy their burden on this motion. *See Hartley Pen Co. v. U.S. Dist.*

6  *Court*, 287 F.2d 324, 331 (9th Cir. 1961) (party seeking discovery has burden of

7  showing necessity and relevance before production of trade secrets will be

8  permitted).

9          Under the facts here, plaintiffs have not waived any privileges by failing to

10  produce a privilege log. Where the responding party objects to the scope of a

11  discovery request that includes privileged documents, the court should rule first on

12  the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

13  951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

14  26(b)(5). No privilege log need be filed until after the court rules on the objection.

15  *Id*. Failure to produce a privilege log does not automatically waive the privilege.

16  *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

17  *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

18  reject a claim of privilege where an insufficient privilege log is provided. *United*

19  *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996);

20  *see United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884,

21  890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007).

22  In exercising that discretion, courts adopt a "holistic reasonableness" analysis,

23  considering such factors as: the magnitude of the document requests; timeliness and

24  specificity of the objection or claim of privilege; particular circumstances making

25  response to the discovery request unusually difficult; and any tactical manipulation

26  of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

27  *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

28  *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

53

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   In this case, plaintiffs were in the process of negotiating a protective order,

2   when defendants abruptly abandoned that process and filed this motion. Under

3   these circumstances waiver of any privilege would be unfair. *Burlington Northern*

4   *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

5   F.3d at 1149 (court should consider any tactical manipulation of the discovery

6   process in deciding waiver based on failure to provide a privilege log).

7   Finally, defendants' motion should be denied and sanctions granted against

8   defendants for the independent reason that defendants have failed to meet and

9   confer in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before

10   any discovery motion can be filed, counsel must meet "in a good faith effort" to

11   eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person

12   meeting is required if both counsel are in the same county; otherwise, by telephone.

13   L.R. 37–1. Failure to comply is ground for denial of a motion to compel. *See*

14   *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly

15   denied where moving party did not show parties had attempted to confer in good

16   faith to resolve discovery dispute before filing motion); *Ross v. Citifinancial, Inc*.,

17   203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort to meet and confer is

18   "mandatory prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486,

19   491-492 (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for

20   denial of motion to compel).

21   ## J.   REQUEST FOR PRODUCTION NO. 8:

22   ALL DOCUMENTS REFLECTING or RELATING TO the financials of

23   CLOUD v. including, but not limited to, financial statements, profit and loss

24   statements and purchase orders to suppliers.

25   ## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 24

26   Plaintiff specifically objects to this request on the grounds that it calls for the

27   production of attorney-client and/or work product privileged documents and

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
54
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF
DOCUMENTS

1  communications, and seeks to invade such privileges. Plaintiff further objects to

2  this request on the ground that it is vague, ambiguous and overbroad, particularly

3  due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request

4  to seek documents reflecting the subject matter, and will not attempt to speculate on

5  what might "relate" to the subject matter. Subject to and without waiving the

6  foregoing general and specific objections, Plaintiff responds as follows:

7      Plaintiff will search for and produce responsive non-privileged documents, if

8  any, within his possession, custody or control.

### 1.   CVI's Argument for Compelled Further Response and Production of Documents

11     Defendants seek the production of the financial records of Cloud v. because

12  Plaintiffs have claimed in the FAC that Cloud v. is now carrying on the business of

13  the Joint Venture. (FAC Para 21). In fact, Cloud v. has been marketing and selling

14  compact vaporizer products using trademarks owned by the Joint Venture without

15  authorization. Cloud v. has further been complicit in the conversion of monies owed

16  to Brett Albanese as a partner in the Joint Venture, and alleged officer and

17  shareholder in the Joint Venture corporation Vape A Cloud, Inc., and thus a review

18  of the financial documents of Cloud v. is necessary to support Defendants' claims.

19     Again, Plaintiff concludes his series of baseless of objections to request for

20  production No. 24 with the statement that he will "search for and produce

21  responsive non-privileged documents..." However, Plaintiff has failed to produce

22  **any** financial records for the activity of Cloud V.

23     Accordingly, CVI submits that Plaintiff's frivolous objections should be

24  deemed waived, including any objections based on privilege due to Plaintiff's

25  failure to produce a privilege log, and Plaintiff should be compelled to produce all

26  documents in his custody and control responsive to CVI's document request No. 24.

### 2.   Plaintiff's Argument

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Just as with the previous Request Nos. 23 and 24 these requests specifically

2   single out "purchase orders to suppliers" as the information specifically sought, in

3   addition to other sensitive financial information that would enable defendants to

4   more effectively compete against plaintiffs. This Request calls for the production of

5   documents which clearly contain trade secrets and confidential commercial

6   information that would very damaging if it were placed in the hands of a

7   competitor, such as defendants. The motion should be denied as to this Request,

8   because defendants have not met their burden of showing the necessity of such

9   information. As the Supreme Court has recognized: "The federal courts have long

10   recognized a qualified evidentiary privilege for trade secrets and other confidential

11   commercial information." *Federal Open Market Committee of Federal Reserve*

12   *System v. Merrill*, 443 U.S. 340, 356-57, 99 S. Ct. 2800, 2810, 61 L. Ed. 2d 587

13   (1979). Before the district court orders a disclosure of a party's trade secrets or

14   other confidential commercial information, the party seeking disclosure of such

15   information must carry the burden of proving that the information sought is both

16   relevant and necessary:

17   [T]he requirements of relevance and necessity must be established where disclosure

18   of a trade secret is sought whether sought under Rule 33 or 34, and that ***the burden***

19   ***rests upon the party seeking disclosure to establish that the trade secret sought is***

20   ***relevant and necessary to the prosecution or defense of the case before a court is***

21   ***justified in ordering disclosure***.

22   *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961) (emphasis

23   added). In this case, defendants have presented no evidence or argument supporting

24   either of these requisites.

25   Contrary to defendants' assertion, Albanese does not have a right to sensitive

26   financial information or trade secrets because of his status as a breaching joint

27   venture partner. Albanese's status as a breaching partner of the joint venture or a

28   minority shareholder in Vape A Cloud, Inc. does not entitle him to access these

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

56

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  trade secrets. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to

2  manage or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183

3  Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010)

4  (California corporations law confers no right on shareholders to discover corporate

5  records in ongoing lawsuit). As clearly alleged in plaintiffs' complaint, Albanese

6  has materially breached the terms of the joint venture by misappropriating property

7  and competing with the joint venture. First Amended Complaint, ¶¶ 14-22. As a

8  result, he may not now enforce his rights under that agreement by seeking to

9  misappropriate even more trade secrets of the partnership. Cal Corp. Code §

10  16603(1) (dissociating partner's right to manage or conduct partnership business

11  terminates). Furthermore, minority shareholders are not entitled access to a

12  corporation's trade secrets. *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107

13  Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law

14  confers no right on shareholders to discover corporate records in ongoing lawsuit).

15  Not surprisingly, defendants' assertions of their rights to access plaintiffs' trade

16  secrets comes forth devoid of any citation to legal authority. In short, defendants

17  have failed to satisfy their burden on this motion. *See Hartley Pen Co. v. U.S. Dist.*

18  *Court*, 287 F.2d 324, 331 (9th Cir. 1961) (party seeking discovery has burden of

19  showing necessity and relevance before production of trade secrets will be

20  permitted).

21         Under the facts here, plaintiffs have not waived any privileges by failing to

22  produce a privilege log. Where the responding party objects to the scope of a

23  discovery request that includes privileged documents, the court should rule first on

24  the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

25  951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

26  26(b)(5). No privilege log need be filed until after the court rules on the objection.

27  *Id*. Failure to produce a privilege log does not automatically waive the privilege.

28  *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
57
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1 | *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

2 | reject a claim of privilege where an insufficient privilege log is provided. *United*

3 | *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996);

4 | *see United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884,

5 | 890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007).

6 | In exercising that discretion, courts adopt a "holistic reasonableness" analysis,

7 | considering such factors as: the magnitude of the document requests; timeliness and

8 | specificity of the objection or claim of privilege; particular circumstances making

9 | response to the discovery request unusually difficult; and any tactical manipulation

10 | of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

11 | *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

12 | *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

13 | In this case, plaintiffs were in the process of negotiating a protective order,

14 | when defendants abruptly abandoned that process and filed this motion. Under

15 | these circumstances waiver of any privilege would be unfair. *Burlington Northern*

16 | *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

17 | F.3d at 1149 (court should consider any tactical manipulation of the discovery

18 | process in deciding waiver based on failure to provide a privilege log).

19 | Finally, defendants' motion should be denied and sanctions granted against

20 | defendants for the independent reason that defendants have failed to meet and confer

21 | in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before any

22 | discovery motion can be filed, counsel must meet "in a good faith effort" to

23 | eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting

24 | is required if both counsel are in the same county; otherwise, by telephone. L.R. 37–

25 | 1. Failure to comply is ground for denial of a motion to compel. *See Robinson v.*

26 | *Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly denied where

27 | moving party did not show parties had attempted to confer in good faith to resolve

28 | discovery dispute before filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
58
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  240 (S.D. Miss. 2001) (good faith effort to meet and confer is "mandatory

2  prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486, 491-492

3  (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for denial of

4  motion to compel).

5  ### K.    REQUEST FOR PRODUCTION NO. 9:

6  ALL DOCUMENTS REFLECTING or RELATING TO board

7  meeting minutes of the JOINT VENTURE from June 2012 – Present.

8  ### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 25

9  Plaintiff specifically objects to this request on the grounds that it calls for the

10  production of attorney-client and/or work product privileged documents and

11  communications, and seeks to invade such privileges. Plaintiff further objects to

12  this request on the ground that it is vague, ambiguous and overbroad, particularly

13  due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request

14  to seek documents reflecting the subject matter, and will not attempt to speculate on

15  what might "relate" to the subject matter. Subject to and without waiving the

16  foregoing general and specific objections, Plaintiff responds as follows:

17  Plaintiff will search for and produce responsive non-privileged documents, if

18  any, within his possession, custody or control.

19

20  ### 1.    CVI's Argument for Compelled Further Response and Production of Documents

21

22  As stated above, as a partner in the Joint Venture, Mr. Albanese has a right to

23  inspect not only the financial documents of the Joint Venture, but also any meeting

24  minutes. While Plaintiff has produced tax and other records, Plaintiff's document

25  production is devoid of financial statements and profit and loss statements, purchase

26  orders, etc., and also lacks any board meeting minutes.

27  Again, Plaintiff concludes his series of baseless of objections to request for

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1   production No. 25 with the statement that he will "search for and produce

2   responsive non-privileged documents..." However, Plaintiff has failed to produce

3   any board meeting minutes reflecting the activities of the Joint Venture.

4          Accordingly, CVI submits that Plaintiff's frivolous objections should be

5   deemed waived, including any objections based on privilege due to Plaintiff's

6   failure to produce a privilege log, and Plaintiff should be compelled to produce all

7   documents in his custody and control responsive to CVI's document request No. 25.

8                        2.        **Plaintiff's Argument**

9          Contrary to defendants' assertion, Albanese does not have a right to board

10  minutes of a competitor because of his status as a breaching joint venture partner.

11  Albanese's status as a breaching partner of the joint venture or a minority

12  shareholder in Vape A Cloud, Inc. does not entitle him to access this information.

13  *See* Cal Corp. Code § 16603(1) (dissociating partner's right to manage or conduct

14  partnership business terminates); *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328,

15  107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law

16  confers no right on shareholders to discover corporate records in ongoing lawsuit).

17  As clearly alleged in plaintiffs' complaint, Albanese has materially breached the

18  terms of the joint venture by misappropriating property and competing with the joint

19  venture. First Amended Complaint, ¶¶ 14-22. As a result, he may not now enforce

20  his rights under that agreement by seeking to misappropriate even more trade secrets

21  of the partnership. Cal Corp. Code § 16603(1) (dissociating partner's right to

22  manage or conduct partnership business terminates). Furthermore, minority

23  shareholders are not entitled access to a corporation's board minutes. *Bezirdjian v.*

24  *O'Reilly*, 183 Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App.

25  2010) (California corporations law confers no right on shareholders to discover

26  corporate records in ongoing lawsuit).

27         Under the facts here, plaintiffs have not waived any privileges by failing to

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   produce a privilege log. Where the responding party objects to the scope of a

2   discovery request that includes privileged documents, the court should rule first

3   on the permissible scope of discovery. *See United States v. Philip Morris Inc*.,

4   347 F3d 951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment

5   to FRCP 26(b)(5). No privilege log need be filed until after the court rules on the

6   objection. *Id*. Failure to produce a privilege log does not automatically waive the

7   privilege. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court*

8   *for Dist. of Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has

9   discretion to reject a claim of privilege where an insufficient privilege log is

10  provided. *United States v. Construction Products Research, Inc*., 73 F.3d 464,

11  473 (2nd Cir. 1996); *see United States v. British American Tobacco*

12  *(Investments) Ltd*., 387 F.3d 884, 890–891 (DC Cir. 2004); *Muro v. Target*

13  *Corp*., 243 FRD 301, 310 (N.D. Ill. 2007). In exercising that discretion, courts

14  adopt a "holistic reasonableness" analysis, considering such factors as: the

15  magnitude of the document requests; timeliness and specificity of the objection

16  or claim of privilege; particular circumstances making response to the discovery

17  request unusually difficult; and any tactical manipulation of the discovery rules

18  and process. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist.*

19  *Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept. of Justice*

20  *Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

21       In this case, plaintiffs were in the process of negotiating a protective order,

22  when defendants abruptly abandoned that process and filed this motion. Under

23  these circumstances waiver of any privilege would be unfair. *Burlington Northern*

24  *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

25  F.3d at 1149 (court should consider any tactical manipulation of the discovery

26  process in deciding waiver based on failure to provide a privilege log).

27       Finally, defendants' motion should be denied and sanctions granted against

28  defendants for the independent reason that defendants have failed to meet and confer

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

61

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before any

2  discovery motion can be filed, counsel must meet "in a good faith effort" to

3  eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting

4  is required if both counsel are in the same county; otherwise, by telephone. L.R. 37–

5  1. Failure to comply is ground for denial of a motion to compel. *See Robinson v.*

6  *Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly denied where

7  moving party did not show parties had attempted to confer in good faith to resolve

8  discovery dispute before filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239,

9  240 (S.D. Miss. 2001) (good faith effort to meet and confer is "mandatory

10  prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486, 491-492

11  (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for denial of

12  motion to compel).

13  **L.      REQUEST FOR PRODUCTION NO. 10:**

14       ALL DOCUMENTS REFLECTING or RELATING TO board meeting

15  minutes of VCI from June 2012 – Present.

16  **PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

17       Plaintiff specifically objects to this request on the grounds that it calls for the

18  production of attorney-client and/or work product privileged documents and

19  communications, and seeks to invade such privileges. Plaintiff further objects to

20  this request on the ground that it is vague, ambiguous and overbroad, particularly

21  due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request

22  to seek documents reflecting the subject matter, and will not attempt to speculate

23  on what might "relate" to the subject matter. Subject to and without waiving the

24  foregoing general and specific objections, Plaintiff responds as follows:

25       Plaintiff will search for and produce responsive non-privileged documents, if

26  any, within his possession, custody or control.

27  **1.      CVI's Argument for Compelled Further Response and**

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

62

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

### Production of Documents

As stated above, as a partner in the Joint Venture, Mr. Albanese has a right to inspect not only the financial documents and meeting minutes of the Joint Venture, but also those of the Joint Venture corporation, Vape A Cloud, Inc. Defendant Brett Albanese is also entitled to an inspection of these documents pursuant to his demand under Cal. Corps. Code section 1601 and 1602 as an alleged officer and shareholder in Vape A Cloud, Inc. While Plaintiff has produced tax and other records, Plaintiff's document production is devoid of financial statements and profit and loss statements, purchase orders, etc., and also lacks any board meeting minutes of Vape A Cloud, Inc.

Again, Plaintiff concludes his series of baseless of objections to request for production No. 26 with the statement that he will "search for and produce responsive non-privileged documents..." However, Plaintiff has failed to produce any board meeting minutes reflecting the activities of Vape A Cloud, Inc.

Accordingly, CVI submits that Plaintiff's frivolous objections should be deemed waived, including any objections based on privilege due to Plaintiff's failure to produce a privilege log, and Plaintiff should be compelled to produce all documents in his custody and control responsive to CVI's document request No. 26.

### 2.      Plaintiff's Argument

Contrary to defendants' assertion, Albanese does not have a right to board minutes of a competitor because of his status as a breaching joint venture partner. Albanese's status as a breaching partner of the joint venture or a minority shareholder in Vape A Cloud, Inc. does not entitle him to access this information. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to manage or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law confers no right on shareholders to discover corporate records in ongoing lawsuit). As clearly

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   alleged in plaintiffs' complaint, Albanese has materially breached the terms of the

2   joint venture by misappropriating property and competing with the joint venture.

3   First Amended Complaint, ¶¶ 14-22. As a result, he may not now enforce his rights

4   under that agreement by seeking to misappropriate even more trade secrets of the

5   partnership. Cal Corp. Code § 16603(1) (dissociating partner's right to manage or

6   conduct partnership business terminates). Furthermore, minority shareholders are

7   not entitled access to a corporation's board minutes. *Bezirdjian v. O'Reilly*, 183

8   Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010)

9   (California corporations law confers no right on shareholders to discover corporate

10   records in ongoing lawsuit).

11        Under the facts here, plaintiffs have not waived any privileges by failing to

12   produce a privilege log. Where the responding party objects to the scope of a

13   discovery request that includes privileged documents, the court should rule first on

14   the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

15   951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

16   26(b)(5). No privilege log need be filed until after the court rules on the objection.

17   *Id*. Failure to produce a privilege log does not automatically waive the privilege.

18   *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

19   *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

20   reject a claim of privilege where an insufficient privilege log is provided. *United*

21   *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996);

22   *see United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884,

23   890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007).

24   In exercising that discretion, courts adopt a "holistic reasonableness" analysis,

25   considering such factors as: the magnitude of the document requests; timeliness and

26   specificity of the objection or claim of privilege; particular circumstances making

27   response to the discovery request unusually difficult; and any tactical manipulation

28   of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

2  *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

3       In this case, plaintiffs were in the process of negotiating a protective order,

4  when defendants abruptly abandoned that process and filed this motion. Under these

5  circumstances waiver of any privilege would be unfair. *Burlington Northern &*

6  *Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408 F.3d

7  at 1149 (court should consider any tactical manipulation of the discovery process in

8  deciding waiver based on failure to provide a privilege log).

9       Finally, defendants' motion should be denied and sanctions granted against

10  defendants for the independent reason that defendants have failed to meet and

11  confer in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before

12  any discovery motion can be filed, counsel must meet "in a good faith effort" to

13  eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person

14  meeting is required if both counsel are in the same county; otherwise, by telephone.

15  L.R. 37–1. Failure to comply is ground for denial of a motion to compel. *See*

16  *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly

17  denied where moving party did not show parties had attempted to confer in good

18  faith to resolve discovery dispute before filing motion); *Ross v. Citifinancial, Inc.*,

19  203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort to meet and confer is

20  "mandatory prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486,

21  491-492 (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for

22  denial of motion to compel).

23  **M.**   **REQUEST FOR PRODUCTION NO. 11:**

24       ALL DOCUMENTS REFLECTING or RELATING TO

25  COMMUNICATIONS between YOU and any accountants concerning the

26  JOINT VENTURE from June 2012 – Present.

27  **PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

65

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1   Plaintiff specifically objects to this request on the grounds that it calls for the
2   production of attorney-client and/or work product privileged documents and
3   communications, and seeks to invade such privileges. Plaintiff further objects to
4   this request on the ground that it is vague, ambiguous and overbroad, particularly
5   due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request
6   to seek documents reflecting the subject matter, and will not attempt to speculate
7   on what might "relate" to the subject matter. Subject to and without waiving the
8   foregoing general and specific objections, Plaintiff responds as follows:

9   Plaintiff will search for and produce responsive non-privileged documents, if
10  any, within his possession, custody or control.

## 1.   CVI's Argument for Compelled Further Response
## and Production of Documents

13  As stated above, as a partner in the Joint Venture, Mr. Albanese has a right to
14  inspect not only the financial documents and meeting minutes of the Joint Venture,
15  but also any communications had by and between his partner Vahan Eksouzian and
16  accountants concerning the Joint Venture. Plaintiff's document production is
17  devoid of any such communications.

18  Again, Plaintiff concludes his series of baseless of objections to request for
19  production No. 30 with the statement that he will "search for and produce responsive
20  non-privileged documents..." However, Plaintiff has failed to produce any
21  communications between himself and accountants concerning the Joint Venture.

22  Accordingly, CVI submits that Plaintiff's frivolous objections should be
23  deemed waived, including any objections based on privilege due to Plaintiff's
24  failure to produce a privilege log, and Plaintiff should be compelled to produce all
25  documents in his custody and control responsive to CVI's document request No. 30.

## 2.   Plaintiff's Argument

27  Request Nos. 30 seeks sensitive financial information that would enable

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  defendants to more effectively compete against plaintiffs. This Request calls for the

2  production of documents which clearly contain trade secrets and confidential

3  commercial information that would very damaging if it were placed in the hands of

4  a competitor, such as defendants. The motion should be denied as to this Request,

5  because defendants have not met their burden of showing the necessity of such

6  information. As the Supreme Court has recognized: "The federal courts have long

7  recognized a qualified evidentiary privilege for trade secrets and other confidential

8  commercial information." *Federal Open Market Committee of Federal Reserve*

9  *System v. Merrill*, 443 U.S. 340, 356-57, 99 S. Ct. 2800, 2810, 61 L. Ed. 2d 587

10  (1979). Before the district court orders a disclosure of a party's trade secrets or

11  other confidential commercial information, the party seeking disclosure of such

12  information must carry the burden of proving that the information sought is both

13  relevant and necessary:

14  [T]he requirements of relevance and necessity must be established where disclosure

15  of a trade secret is sought whether sought under Rule 33 or 34, and that ***the burden***

16  ***rests upon the party seeking disclosure to establish that the trade secret sought is***

17  ***relevant and necessary to the prosecution or defense of the case before a court is***

18  ***justified in ordering disclosure***.

19  *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961) (emphasis

20  added). In this case, defendants have presented no evidence or argument supporting

21  either of these requisites.

22         Contrary to defendants' assertion, Albanese does not have a right to sensitive

23  financial information or trade secrets because of his status as a breaching joint

24  venture partner. Albanese's status as a breaching partner of the joint venture or a

25  minority shareholder in Vape A Cloud, Inc. does not entitle him to access these

26  trade secrets. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to

27  manage or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183 Cal.

28  App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

67

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  corporations law confers no right on shareholders to discover corporate records in

2  ongoing lawsuit). As clearly alleged in plaintiffs' complaint, Albanese has materially

3  breached the terms of the joint venture by misappropriating property and competing

4  with the joint venture. First Amended Complaint, ¶¶ 14-22. As a result, he may not

5  now enforce his rights under that agreement by seeking to misappropriate even

6  more trade secrets of the partnership. Cal Corp. Code § 16603(1) (dissociating

7  partner's right to manage or conduct partnership business terminates). Furthermore,

8  minority shareholders are not entitled access to a corporation's trade secrets.

9  *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396

10 (Cal. Ct. App. 2010) (California corporations law confers no right on shareholders

11 to discover corporate records in ongoing lawsuit). Not surprisingly, defendants'

12 assertions of their rights to access plaintiffs' trade secrets comes forth devoid of any

13 citation to legal authority. In short, defendants have failed to satisfy their burden on

14 this motion. *See Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir.

15 1961) (party seeking discovery has burden of showing necessity and relevance

16 before production of trade secrets will be permitted).

17      Under the facts here, plaintiffs have not waived any privileges by failing to

18 produce a privilege log. Where the responding party objects to the scope of a

19 discovery request that includes privileged documents, the court should rule first on

20 the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

21 951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

22 26(b)(5). No privilege log need be filed until after the court rules on the objection.

23 *Id*. Failure to produce a privilege log does not automatically waive the privilege.

24 *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

25 *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

26 reject a claim of privilege where an insufficient privilege log is provided. *United*

27 *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996);

28 *see United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
68
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007).

2  In exercising that discretion, courts adopt a "holistic reasonableness" analysis,

3  considering such factors as: the magnitude of the document requests; timeliness and

4  specificity of the objection or claim of privilege; particular circumstances making

5  response to the discovery request unusually difficult; and any tactical manipulation

6  of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

7  *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

8  *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

9  In this case, plaintiffs were in the process of negotiating a protective order,

10  when defendants abruptly abandoned that process and filed this motion. Under

11  these circumstances waiver of any privilege would be unfair. *Burlington Northern*

12  *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

13  F.3d at 1149 (court should consider any tactical manipulation of the discovery

14  process in deciding waiver based on failure to provide a privilege log).

15  Finally, defendants' motion should be denied and sanctions granted against

16  defendants for the independent reason that defendants have failed to meet and

17  confer in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before

18  any discovery motion can be filed, counsel must meet "in a good faith effort" to

19  eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person

20  meeting is required if both counsel are in the same county; otherwise, by telephone.

21  L.R. 37–1. Failure to comply is ground for denial of a motion to compel. *See*

22  *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly

23  denied where moving party did not show parties had attempted to confer in good

24  faith to resolve discovery dispute before filing motion); *Ross v. Citifinancial, Inc*.,

25  203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort to meet and confer is

26  "mandatory prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486,

27  491-492 (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for

28  denial of motion to compel).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

69

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

## N.   **REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS REFLECTING OR RELATING TO advertising and promotional materials used by VCI to promote its compact vaporizer and/or modified compact vaporizer products.

## **PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

Plaintiff will search for and produce responsive non-privileged documents, if any, within his possession, custody or control.

## 1.   **CVI's Argument for Compelled Further Response and Production of Documents**

CVI seeks the compelled production of documents responsive to its document request No. 32 as CVI believes that Vape A Cloud continues to use trademarks owned by the Joint Venture to market and promote compact vaporizer products without properly accounting to Mr. Albanese for the use of those trademarks. Defendants are entitled to any evidence demonstrating the unauthorized use of those marks by Plaintiffs.

Again, Plaintiff concludes his series of baseless of objections to request for production No. 32 with the statement that he will "search for and produce responsive non-privileged documents..." However, Plaintiff has failed to produce any documents reflecting advertising or promotional materials used by VCI to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  promote its compact vaporizer and/or modified vaporizer products.

2      Accordingly, CVI submits that Plaintiff's frivolous objections should be

3  deemed waived, including any objections based on privilege due to Plaintiff's

4  failure to produce a privilege log, and Plaintiff should be compelled to produce all

5  documents in his custody and control responsive to CVI's document request No.

6  32.

7              **2.        Plaintiff's Argument**

8      Under the facts here, plaintiffs have not waived any privileges by failing to

9  produce a privilege log. Where the responding party objects to the scope of a

10  discovery request that includes privileged documents, the court should rule first on

11  the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

12  951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

13  26(b)(5). No privilege log need be filed until after the court rules on the objection.

14  *Id*. Failure to produce a privilege log does not automatically waive the privilege.

15  *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

16  *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

17  reject a claim of privilege where an insufficient privilege log is provided. *United*

18  *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996);

19  *see United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884,

20  890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007).

21  In exercising that discretion, courts adopt a "holistic reasonableness" analysis,

22  considering such factors as: the magnitude of the document requests; timeliness and

23  specificity of the objection or claim of privilege; particular circumstances making

24  response to the discovery request unusually difficult; and any tactical manipulation

25  of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

26  *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

27  *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

71

1  In this case, plaintiffs were in the process of negotiating a protective order,

2  when defendants abruptly abandoned that process and filed this motion. Under

3  these circumstances waiver of any privilege would be unfair. *Burlington Northern*

4  *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

5  F.3d at 1149 (court should consider any tactical manipulation of the discovery

6  process in deciding waiver based on failure to provide a privilege log).

7  Finally, defendants' motion should be denied and sanctions granted against

8  defendants for the independent reason that defendants have failed to meet and

9  confer in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before

10  any discovery motion can be filed, counsel must meet "in a good faith effort" to

11  eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person

12  meeting is required if both counsel are in the same county; otherwise, by telephone.

13  L.R. 37–1. Failure to comply is ground for denial of a motion to compel. *See*

14  *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly

15  denied where moving party did not show parties had attempted to confer in good

16  faith to resolve discovery dispute before filing motion); *Ross v. Citifinancial, Inc.*,

17  203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort to meet and confer is

18  "mandatory prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486,

19  491-492 (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for

20  denial of motion to compel).

21  ### O.    REQUEST FOR PRODUCTION NO. 13:

22  ALL DOCUMENTS REFLECTING or RELATING TO YOUR purchase

23  orders to YOUR suppliers for compact vaporizer and/or modified compact vaporizer

24  products from June 2012 - Present.

25  ### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 43

26  Plaintiff specifically objects to this request on the grounds that it calls for the

27  production of attorney-client and/or work product privileged documents and

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence – the documents sought have no bearing on the claims or defenses in this case, are hugely voluminous, and are confidential and so commercially sensitive that disclosure to Defendant would cause Plaintiff competitive and economic harm.

## 1.     CVI's Argument for Compelled Further Response and Production of Documents

As stated above, as a partner in the Joint Venture, Mr. Albanese has a right to inspect the financial documents of the Joint Venture as well as purchase orders for any of the entities through which Vahan Eksouzian is marketing and selling compact vaporizer products using the Joint Venture trademarks. Interestingly, in response to CVI's requests for production of documents Nos. 22, 23 and 24, which requests specifically seek, *inter alia*, purchase orders from the entities through which Mr. Eksouzian markets and sells compact vaporizer products, Mr. Eksouzian indicates that he will produce all responsive documents. However, Mr. Eksouzian refuses to produce those very same documents sought through request for production No. 43.

Again, to the extent Mr. Eksouzian believes that information responsive to this request is confidential, it is free to designate these materials under the terms of the protective order proposed by Defendants on or around September 25, 2013. Subjecting purchase orders reflecting orders made by Mr. Eksouzian, his agents and/or the companies he controls, to the terms of the protective order should alleviate any concerns he may have with disclosure.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

73

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

Accordingly, Plaintiff's frivolous objections should be deemed waived, including any objections based on privilege due to Plaintiff's failure to produce a privilege log, and Plaintiff should be compelled to produce all documents in his custody and control responsive to CVI's document request No. 43.

## 2.   Plaintiff's Argument

This request constitutes a flagrant attempt to obtain trade secret and confidential commercial information that has marginal, if any, relevance to any claim or defense in this action and that certainly is not necessary to defendants' case or defense. Indeed, this Request calls for the production of documents which clearly contain trade secrets and confidential commercial information that would very damaging if it were placed in the hands of a competitor, such as defendants. The motion should be denied as to this Request, because defendants have not met their burden of showing the necessity of such information. As the Supreme Court has recognized: "The federal courts have long recognized a qualified evidentiary privilege for trade secrets and other confidential commercial information." *Federal Open Market Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 356-57, 99 S. Ct. 2800, 2810, 61 L. Ed. 2d 587 (1979). Before the district court orders a disclosure of a party's trade secrets or other confidential commercial information, the party seeking disclosure of such information must carry the burden of proving that the information sought is both relevant and necessary:

[T]he requirements of relevance and necessity must be established where disclosure of a trade secret is sought whether sought under Rule 33 or 34, and that ***the burden rests upon the party seeking disclosure to establish that the trade secret sought is relevant and necessary to the prosecution or defense of the case before a court is justified in ordering disclosure***.

*Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th Cir. 1961) (emphasis added). In this case, defendants have presented no evidence or argument supporting

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 either of these requisites.

2       Contrary to defendants' assertion, Albanese does not have a right to sensitive

3 financial information or trade secrets because of his status as a breaching joint

4 venture partner. Albanese's status as a breaching partner of the joint venture or a

5 minority shareholder in Vape A Cloud, Inc. does not entitle him to access these

6 trade secrets. *See* Cal Corp. Code § 16603(1) (dissociating partner's right to manage

7 or conduct partnership business terminates); *Bezirdjian v. O'Reilly*, 183 Cal. App.

8 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California

9 corporations law confers no right on shareholders to discover corporate records in

10 ongoing lawsuit). As clearly alleged in plaintiffs' complaint, Albanese has

11 materially breached the terms of the joint venture by misappropriating property and

12 competing with the joint venture. First Amended Complaint, ¶¶ 14-22. As a result,

13 he may not now enforce his rights under that agreement by seeking to

14 misappropriate even more trade secrets of the partnership. Cal Corp. Code §

15 16603(1) (dissociating partner's right to manage or conduct partnership business

16 terminates). Furthermore, minority shareholders are not entitled access to a

17 corporation's trade secrets. *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107

18 Cal. Rptr. 3d 384, 395–396 (Cal. Ct. App. 2010) (California corporations law

19 confers no right on shareholders to discover corporate records in ongoing lawsuit).

20 Not surprisingly, defendants' assertions of their rights to access plaintiffs' trade

21 secrets comes forth devoid of any citation to legal authority. In short, defendants

22 have failed to satisfy their burden on this motion. *See Hartley Pen Co. v. U.S. Dist.*

23 *Court*, 287 F.2d 324, 331 (9th Cir. 1961) (party seeking discovery has burden of

24 showing necessity and relevance before production of trade secrets will be

25 permitted).

26       Under the facts here, plaintiffs have not waived any privileges by failing to

27 produce a privilege log. Where the responding party objects to the scope of a

28 discovery request that includes privileged documents, the court should rule first on

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1   the permissible scope of discovery. *See United States v. Philip Morris Inc.*, 347 F3d

2   951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

3   26(b)(5). No privilege log need be filed until after the court rules on the objection.

4   *Id*. Failure to produce a privilege log does not automatically waive the privilege.

5   *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

6   *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

7   reject a claim of privilege where an insufficient privilege log is provided. *United*

8   *States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2nd Cir. 1996);

9   *see United States v. British American Tobacco (Investments) Ltd.*, 387 F.3d 884,

10   890–891 (DC Cir. 2004); *Muro v. Target Corp.*, 243 FRD 301, 310 (N.D. Ill. 2007).

11   In exercising that discretion, courts adopt a "holistic reasonableness" analysis,

12   considering such factors as: the magnitude of the document requests; timeliness and

13   specificity of the objection or claim of privilege; particular circumstances making

14   response to the discovery request unusually difficult; and any tactical manipulation

15   of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

16   *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

17   *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009).

18          In this case, plaintiffs were in the process of negotiating a protective order,

19   when defendants abruptly abandoned that process and filed this motion. Under

20   these circumstances waiver of any privilege would be unfair. *Burlington Northern*

21   *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

22   F.3d at 1149 (court should consider any tactical manipulation of the discovery

23   process in deciding waiver based on failure to provide a privilege log).

24          Finally, defendants' motion should be denied and sanctions granted against

25   defendants for the independent reason that defendants have failed to meet and confer

26   in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before any

27   discovery motion can be filed, counsel must meet "in a good faith effort" to

28   eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
76
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  is required if both counsel are in the same county; otherwise, by telephone. L.R. 37–

2  1. Failure to comply is ground for denial of a motion to compel. *See Robinson v.*

3  *Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly denied where

4  moving party did not show parties had attempted to confer in good faith to resolve

5  discovery dispute before filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239,

6  240 (S.D. Miss. 2001) (good faith effort to meet and confer is "mandatory

7  prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486, 491-492

8  (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for denial of

9  motion to compel).

### P.     REQUEST FOR PRODUCTION NO. 14:

ALL DOCUMENTS REFLECTING or RELATING TO

COMMUNICATIONS between YOU and any third party concerning Brett

Albanese from June 2012 – Present.

### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 48

Plaintiff specifically objects to this request on the grounds that it calls for the

production of attorney-client and/or work product privileged documents and

communications, and seeks to invade such privileges. Plaintiff further objects to

this request on the ground that it is vague, ambiguous and overbroad, particularly

due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request

to seek documents reflecting the subject matter, and will not attempt to speculate on

what might "relate" to the subject matter. Subject to and without waiving the

foregoing general and specific objections, Plaintiff responds as follows:

Plaintiff will search for and produce responsive non-privileged documents, if

any, within his possession, custody or control.

### 1.     CVI's Argument for Compelled Further Response and Production of Documents

Defendants have grounds to believe that Plaintiffs have directed



4830-5392-0534.1

77

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

communications with third parties designed to interfere with Defendants' prospective economic advantage and to defame Defendants in the marketplace. Defendants have brought claims for relief under these two theories and thus seek documents reflecting communications between Mr. Eksouzian and third parties concerning Mr. Albanese.

Again, Plaintiff concludes his series of baseless of objections to request for production No. 48 with the statement that he will "search for and produce responsive non-privileged documents..." However, Plaintiff has failed to produce any documents reflecting or relating to communications between Vahan Eksouzian and third parties concerning Brett Albanese.

Accordingly, CVI submits that Plaintiff's frivolous objections should be deemed waived, including any objections based on privilege due to Plaintiff's failure to produce a privilege log, and Plaintiff should be compelled to produce all documents in his custody and control responsive to CVI's document request No. 48.

### 2.     Plaintiff's Argument

The issues relevant to this Request could easily have been worked out had defendants chosen to meet and confer in good faith concerning this Request. Plaintiffs were in the process of attempting to find any and all non-attorney-client/work product privileged documents responsive to this Request. At this time, after diligent search and reasonable inquiry, the only document other than direct communications between plaintiffs and their attorneys that are responsive to this Request is a statement on plaintiffs' website, a copy of which defendants already have.

Indeed, defendants' motion should be denied and sanctions granted against defendants for the independent reason that defendants have failed to meet and confer in good faith as required both by Fed. R. Civ. P. 37 and L.R. 37-1. Before any discovery motion can be filed, counsel must meet "in a good faith effort" to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person

2  meeting is required if both counsel are in the same county; otherwise, by telephone.

3  L.R. 37–1. Failure to comply is ground for denial of a motion to compel. *See*

4  *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (motion to compel properly

5  denied where moving party did not show parties had attempted to confer in good

6  faith to resolve discovery dispute before filing motion); *Ross v. Citifinancial, Inc*.,

7  203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort to meet and confer is

8  "mandatory prerequisite" on motion to compel); *Hager v. Graham*, 267 F.R.D. 486,

9  491-492 (N.D. W. Va. 2010) (failure to confer or attempt to confer is ground for

10  denial of motion to compel).

11  As for defendants' argument that attorney-client and work product privileges

12  are waived, defendants will produce a privilege log prior to the hearing on this

13  motion. Failure to produce a privilege log does not automatically waive the

14  privilege. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for*

15  *Dist. of Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has

16  discretion to reject a claim of privilege where an insufficient privilege log is

17  provided. *United States v. Construction Products Research, Inc*., 73 F.3d 464, 473

18  (2nd Cir. 1996); *see United States v. British American Tobacco (Investments) Ltd*.,

19  387 F.3d 884, 890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310

20  (N.D. Ill. 2007). In exercising that discretion, courts adopt a "holistic

21  reasonableness" analysis, considering such factors as: the magnitude of the

22  document requests; timeliness and specificity of the objection or claim of privilege;

23  particular circumstances making response to the discovery request unusually

24  difficult; and any tactical manipulation of the discovery rules and process.

25  *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

26  *Montana, supra*, 408 F.3d at 1149; *In re Dept. of Justice Subpoenas to ABC*, 263

27  F.R.D. 66, 70–71 (D. Mass. 2009).

28  In this case, plaintiffs were in the process of negotiating a protective order,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   when defendants abruptly abandoned that process and filed this motion. Under

2   these circumstances waiver of any privilege would be unfair. *Burlington Northern*

3   *& Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana, supra*, 408

4   F.3d at 1149 (court should consider any tactical manipulation of the discovery

5   process in deciding waiver based on failure to provide a privilege log).

### Q.   REQUEST FOR PRODUCTION NO. 15:

ALL DOCUMENTS REFLECTING or RELATING TO COMMUNICATIONS between YOU and Cloud Vapez, Inc. from June 2012 – Present.

### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 49

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

Plaintiff will search for and produce responsive non-privileged documents, if any, within his possession, custody or control.

### 1.   CVI's Argument for Compelled Further Response and Production of Documents

Defendants have grounds to believe that Plaintiffs have directed communications with third parties designed to interfere with Defendants' prospective economic advantage and to defame Defendants in the marketplace. Defendants have brought claims for relief under these two theories and thus seek documents reflecting communications between Mr. Eksouzian and third parties

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  concerning Mr. Albanese (see above document request No. 43) and concerning

2  Cloud Vapez, Inc., Mr. Albanese company. Defendants seek this information in

3  order to conduct interviews of these individuals and gather discovery necessary to

4  defend the claims brought against them by Plaintiffs and to prosecute their cross-

5  claims.

6     Again, Plaintiff concludes his series of baseless of objections to request for

7  production No. 49 with the statement that he will "search for and produce

8  responsive non-privileged documents..." However, Plaintiff has failed to produce

9  any documents reflecting or relating to communications between Vahan Eksouzian

10  and third parties concerning Brett Albanese.

11     Accordingly, CVI submits that Plaintiff's frivolous objections should be

12  deemed waived, including any objections based on privilege due to Plaintiff's

13  failure to produce a privilege log, and Plaintiff should be compelled to produce all

14  documents in his custody and control responsive to CVI's document request No. 49.

15         **2.  Plaintiff's Argument**

16     This Request is the poster child for the frivolous nature of this motion. In this

17  Request, defendants apparently seek to compel documents that plaintiffs have

18  previously sent to ***them***. Defendants' justification for this is that they have some

19  undisclosed reason to believe that plaintiffs have had communications with third

20  parties that might have interfered with defendants' prospective economic

21  advantage, but defendants' fail to explain to the Court why documents that

22  plaintiffs sent to defendant Cloud Vapez could possibly be among those

23  communications or why defendants cannot simply search their own records to find

24  those communications. Again, this is most likely an issue that could have been

25  resolved if defendants had sought the simple expedient of complying with their

26  meet and confer obligations prior to making this motion.

27

28    **R.   REQUEST FOR PRODUCTION NOS. 16 - 57:**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## REQUEST FOR PRODUCTION NO. 50:

ALL cease and desist letters sent by YOU to any third party from June 2012 – Present.

### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 50

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is overly broad and is not calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 17:

ALL cease and desist letters sent by the JOINT VENTURE to any third party from June 2012 – Present.

### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 51

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is overly broad and is not calculated to lead to the discovery of admissible evidence.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## REQUEST FOR PRODUCTION NO. 18:

ALL cease and desist letters sent by VCI to any third party from June 2012 – Present.

## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 52

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is overly broad and is not calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 19:

ALL cease and desist letters sent by CLOUD v. to any third party from June 2012 – Present.

## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 53

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is overly broad and is not calculated to lead to the discovery of admissible evidence.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

83

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 20:

ALL cease and desist letters YOU have received from any third party from June 2012 – Present.

## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 54

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is overly broad and is not calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 21:

ALL cease and desist letters the JOINT VENTURE has received from any third party from June 2012 – Present.

## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 55

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is overly broad and is not calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 22:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

ALL cease and desist letters VCI has received from any third party from June 2012 – Present.

## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 56

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is overly broad and is not calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 23:

ALL cease and desist letters CLOUD v. has received from any third party from June 2012 – Present.

## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 57

Plaintiff specifically objects to this request on the grounds that it calls for theproduction of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is overly broad and is not calculated to lead to the discovery of admissible evidence.

**1.** **CVI's Argument for Compelled Further Response and Production of Documents to Document Requests Nos. 50-57**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

85

1  CVI's document requests Nos. 51-57 seek the production of all cease and

2  desist letters sent by Vahan Eksouzian, his agents, and the companies he controls or

3  purports to control, as well as any and all cease and desist letters received from third

4  parties. Defendants seek the production of any and all cease and desist letters

5  disseminated by and received by Plaintiffs to and from third parties to ascertain the

6  position taken by Plaintiffs with respect to the rights they claim to possess in the

7  those trademarks. As set forth in Defendants' cross-claim, Plaintiffs do not have

8  standing to assert their trademark infringement claims against Defendants as the

9  marks at issue are the property of the parties' Joint Venture, which is owned in part

10  by Defendant Brett Albanese. Defendants are also aware of a number of third parties

11  making use of the "Cloud" term to market and sell compact vaporizer and other

12  smoking products. As such, Defendants wish to review any and all cease and desist

13  letters the Plaintiffs may have received from these third parties to determine what

14  position other industry players have taken regarding the Plaintiffs' alleged

15  trademarks.

16  Accordingly, CVI submits that Plaintiff's frivolous objections should be

17  deemed waived, including any objections based on privilege due to Plaintiff's

18  failure to produce a privilege log, and Plaintiff should be compelled to produce all

19  documents in his custody and control responsive to CVI's document requests No.

20  50-57.

### 2.      Plaintiff's Argument

22  For the first time in this motion, defendants are presenting their reasons as to

23  why further responses should be compelled as to these Requests. This failure is fatal

24  to defendants' motion. Before any discovery motion can be filed, counsel must meet

25  "in a good faith effort" to eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R.

26  37-1. An in-person meeting is required if both counsel are in the same county;

27  otherwise, by telephone. L.R. 37–1. Failure to comply is ground for denial of a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
86
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  motion to compel. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)

2  (motion to compel properly denied where moving party did not show parties had

3  attempted to confer in good faith to resolve discovery dispute before filing motion);

4  *Ross v. Citifinancial, Inc*., 203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort

5  to meet and confer is "mandatory prerequisite" on motion to compel); *Hager v.*

6  *Graham*, 267 F.R.D. 486, 491-492 (N.D. W. Va. 2010) (failure to confer or attempt

7  to confer is ground for denial of motion to compel). Plaintiffs should not be forced

8  to confront arguments never advanced in any meet and confer that could have been

9  resolved prior to a motion to compel.

10       Under the facts here, plaintiffs have not waived any privileges by failing to

11  produce a privilege log. Where the responding party objects to the scope of a

12  discovery request that includes privileged documents, the court should rule first on

13  the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

14  951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

15  26(b)(5). No privilege log need be filed until after the court rules on the objection.

16  *Id*. Failure to produce a privilege log does not automatically waive the privilege.

17  *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

18  *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

19  reject a claim of privilege where an insufficient privilege log is provided. *United*

20  *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996); *see*

21  *United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884, 890–

22  891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007). In

23  exercising that discretion, courts adopt a "holistic reasonableness" analysis,

24  considering such factors as: the magnitude of the document requests; timeliness and

25  specificity of the objection or claim of privilege; particular circumstances making

26  response to the discovery request unusually difficult; and any tactical manipulation

27  of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

28  *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

87

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009). In this case,

2  defendants responded to an inordinate number of Requests for Production. In

3  response, defendants failed to raise any of the issues which they now raise for the

4  first time in this motion. Under these circumstances, if plaintiffs are forced to provide

5  further responses, they should also be given an opportunity to produce a privilege

6  log.

7         **S.**     **REQUEST FOR PRODUCTION NO. 24-60:**

8

9  **REQUEST FOR PRODUCTION NO. 58:**

10      ALL DOCUMENTS REFLECTING or RELATING TO

11  COMMUNICATIONS YOU have had with High Times magazine personnel

12  concerning compact vaporizer and/or modified compact vaporizer products

13  from June 2012 - Present.

14  **PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

15      Plaintiff specifically objects to this request on the grounds that it calls for the

16  production of attorney-client and/or work product privileged documents and

17  communications, and seeks to invade such privileges. Plaintiff further objects to this

18  request on the ground that it is vague, ambiguous and overbroad, particularly due to

19  the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek

20  documents reflecting the subject matter, and will not attempt to speculate on what

21  might "relate" to the subject matter. Plaintiff further objects to this request on the

22  ground that it is overly broad and is not calculated to lead to the discovery of

23  admissible evidence.

24  **REQUEST FOR PRODUCTION NO. 25:**

25      ALL DOCUMENTS REFLECTING or RELATING TO

26  COMMUNICATIONS YOU have had with High Times magazine personnel

27  concerning Cloud Vapez, Inc. from June 2012 - Present.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF
DOCUMENTS

**PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is overly broad and is not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS REFLECTING or RELATING TO COMMUNICATIONS YOU have had with High Times magazine personnel concerning Brett Albanese from June 2012 - Present.

**PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Plaintiff further objects to this request on the ground that it is overly broad and is not calculated to lead to the discovery of admissible evidence.

1.    **CVI's Argument for Compelled Further Response and Production of Documents**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Defendants seek the production of any and all documents reflecting Plaintiffs'

2   communications with the publication "High Times" magazine because Defendants

3   understand that Plaintiffs have impersonated Defendants to "High Times" magazine,

4   have claimed prizes intended for Defendants' compact vaporizer products and have

5   likely made defamatory remarks to "High Times" concerning Defendants. As such,

6   Defendants would like to review any and all communications Mr. Eksouzian and his

7   agents have had concerning compact vaporizer products.

8   Accordingly, CVI submits that Plaintiff's frivolous objections should be

9   deemed waived, including any objections based on privilege due to Plaintiff's

10  failure to produce a privilege log, and Plaintiff should be compelled to produce all

11  documents in his custody and control responsive to CVI's document request No. 50.

12  ## 2.    Plaintiff's Argument

13  For the first time in this motion, defendants are presenting their reasons as to

14  why further responses should be compelled as to these Requests. This failure is fatal

15  to defendants' motion. Before any discovery motion can be filed, counsel must meet

16  "in a good faith effort" to eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R.

17  37-1. An in-person meeting is required if both counsel are in the same county;

18  otherwise, by telephone. L.R. 37–1. Failure to comply is ground for denial of a

19  motion to compel. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)

20  (motion to compel properly denied where moving party did not show parties had

21  attempted to confer in good faith to resolve discovery dispute before filing motion);

22  *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort

23  to meet and confer is "mandatory prerequisite" on motion to compel); *Hager v.*

24  *Graham*, 267 F.R.D. 486, 491-492 (N.D. W. Va. 2010) (failure to confer or attempt

25  to confer is ground for denial of motion to compel). Plaintiffs should not be forced

26  to confront arguments never advanced in any meet and confer that could have been

27  resolved prior to a motion to compel.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Under the facts here, plaintiffs have not waived any privileges by failing to

2   produce a privilege log. Where the responding party objects to the scope of a

3   discovery request that includes privileged documents, the court should rule first on

4   the permissible scope of discovery. *See United States v. Philip Morris Inc*., 347 F3d

5   951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993 Amendment to FRCP

6   26(b)(5). No privilege log need be filed until after the court rules on the objection.

7   *Id*. Failure to produce a privilege log does not automatically waive the privilege.

8   *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

9   *Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court has discretion to

10  reject a claim of privilege where an insufficient privilege log is provided. *United*

11  *States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996);

12  *see United States v. British American Tobacco (Investments) Ltd*., 387 F.3d 884,

13  890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007).

14  In exercising that discretion, courts adopt a "holistic reasonableness" analysis,

15  considering such factors as: the magnitude of the document requests; timeliness and

16  specificity of the objection or claim of privilege; particular circumstances making

17  response to the discovery request unusually difficult; and any tactical manipulation

18  of the discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v.*

19  *United States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept.*

20  *of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009). In this case,

21  defendants responded to an inordinate number of Requests for Production. In

22  response, defendants failed to raise any of the issues which they now raise for the

23  first time in this motion. Under these circumstances, if plaintiffs are forced to

24  provide further responses, they should also be given an opportunity to produce a

25  privilege log.

26  **T.    REQUEST FOR PRODUCTION NO. 27, 62 AND 82-86:**

27  **REQUEST FOR PRODUCTION NO. 61:**

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

The copyright registrations for the "Works" referenced in paragraph 62 of the FAC.

### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 61

Subject to and without waiving the foregoing general objections, Plaintiff responds as follows: Plaintiff will search for and produce responsive non-privileged documents, if any, within his possession, custody or control.

### REQUEST FOR PRODUCTION NO. 28:

The application materials submitted to the United States Copyright Office on January 11, 2013, for the "Works" as referenced in paragraph 62 of the FAC.

### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 62

Subject to and without waiving the foregoing general objections, Plaintiff responds as follows: Plaintiff will search for and produce responsive non-privileged documents, if any, within his possession, custody or control.

### REQUEST FOR PRODUCTION NO. 29:

ALL DOCUMENTS supporting your contention in paragraph 23 of the FAC that "Plaintiffs are the authors and sole owners of all right, title and interest in connection with certain copyrights, including all copyrights on certain drawings and designs for the packaging to be used for the sale of the vaporizer (the 'Works')."

### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 82

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and fails to specify the particular documents sought. Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 might "support" the subject matter. Subject to and without waiving the foregoing

2 general and specific objections, Plaintiff responds as follows:

3      Plaintiff will search for and produce responsive non-privileged documents, if

4 any, within his possession, custody or control.

5        ### REQUEST FOR PRODUCTION NO. 30:

6      ALL DOCUMENTS supporting your contention in paragraph 23 of the FAC

7 that "The Works are original works that may be copyrighted under United States

8 law."

9      ### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 83

10     Plaintiff specifically objects to this request on the grounds that it calls for the

11 production of attorney-client and/or work product privileged documents and

12 communications, and seeks to invade such privileges. Plaintiff further objects to

13 this request on the ground that it is vague, ambiguous and fails to specify the

14 particular documents sought. Plaintiff will reasonably interpret this request to seek

15 documents reflecting the subject matter, and will not attempt to speculate on what

16 might "support" the subject matter. Subject to and without waiving the foregoing

17 general and specific objections, Plaintiff responds as follows:

18     Plaintiff will search for and produce responsive non-privileged documents, if

19 any, within his possession, custody or control.

20

21

22        ### REQUEST FOR PRODUCTION NO. 31:

23     ALL DOCUMENTS reflecting or related to any COMMUNICATIONS YOU

24 have had with the United States Copyright Office regarding the items YOU define

25 as the "Works" in paragraph 23 of the FAC.

26     ### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 84

27     Plaintiff specifically objects to this request on the grounds that it calls for the

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  production of attorney-client and/or work product privileged documents and

2  communications, and seeks to invade such privileges. Plaintiff further objects to

3  this request on the ground that it is vague, ambiguous and overbroad, particularly

4  due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request

5  to seek documents reflecting the subject matter, and will not attempt to speculate

6  on what might "relate" to the subject matter. Subject to and without waiving the

7  foregoing general and specific objections, Plaintiff responds as follows:

8      Plaintiff will search for and produce responsive non-privileged documents, if

9  any, within his possession, custody or control.

10  ### REQUEST FOR PRODUCTION NO. 32:

11      ALL DOCUMENTS supporting your contention in paragraph 23 of the FAC

12  that "On January 11, 2013, Plaintiffs submitted a completed application for the

13  registration of the Works to the United States Copyright Office, and have fully

14  complied in all respects with the United States Copyright Act and all other laws,

15  including making the required deposit to the Registrar of Copyrights, required to

16  register and obtain a certificate of registration of the Works."

17  ### PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 85

18      Plaintiff specifically objects to this request on the grounds that it calls for the

19  production of attorney-client and/or work product privileged documents and

20  communications, and seeks to invade such privileges. Plaintiff further objects to

21  this request on the ground that it is vague, ambiguous and overbroad, particularly

22  due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request

23  to seek documents reflecting the subject matter, and will not attempt to speculate

24  on what might "relate" to the subject matter. Subject to and without waiving the

25  foregoing general and specific objections, Plaintiff responds as follows:

26      Plaintiff will search for and produce responsive non-privileged documents, if

27  any, within his possession, custody or control.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS supporting your contention in paragraph 23 of the FAC that "The Works are copyrightable under the laws of the United States, and contain substantial amounts of material created by Plaintiffs' skill, labor, and judgment."

**PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 86**

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and overbroad, particularly due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "relate" to the subject matter. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

Plaintiff will search for and produce responsive non-privileged documents, if any, within his possession, custody or control.

1. **CVI's Argument for Compelled Further Response and Production of Documents**

Defendants requests Nos. 61 and 62, and 82-86 seek the production of documents related to Plaintiffs alleged copyrights at issue in this matter. Plaintiffs' copyright registrations, and application materials submitted to the United States Copyright Office, for the "Works" they have placed at issue in this matter. In registering their alleged copyrights with the United States Copyright Office, and in bringing their claims for copyright infringement against Defendants, Plaintiffs are asserting certain copyrights, but have failed to make clear thus far in this litigation exactly what is the subject of their alleged copyrights.

Again, Plaintiff concludes his series of general and other baseless of objections to request for production Nos. 61 and 62 and 82-86 with the statement

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

95

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1   that he will "search for and produce responsive non-privileged documents..."

2   However, Plaintiff has failed to produce any documents reflecting the alleged

3   copyright registration certificates in the "Works" at issue, those application

4   materials submitted to the United States Copyright Office, or any other documents

5   supporting Plaintiffs' contentions to own copyrights in subject matter at issue in this

6   case.

7       Accordingly, CVI submits that Plaintiff's frivolous objections should be

8   deemed waived, including any objections based on privilege due to Plaintiff's

9   failure to produce a privilege log, and Plaintiff should be compelled to produce all

10  documents in his custody and control responsive to CVI's document request Nos. 61

11  and 62 and 82-86.

12          2.      Plaintiff's Argument

13

14      Any non-privileged documents that defendants seek are public record, and

15  plaintiffs have provided defendants with the copyright registration/application

16  numbers. Again, had defendants raised this issue at any time prior to this motion, a

17  resolution of this matter would likely have been reached. This failure is fatal to

18  defendants' motion. Before any discovery motion can be filed, counsel must meet

19  "in a good faith effort" to eliminate or narrow the dispute. Fed. R. Civ. P. 37, L.R.

20  37-1. An in-person meeting is required if both counsel are in the same county;

21  otherwise, by telephone. L.R. 37–1. Failure to comply is ground for denial of a

22  motion to compel. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)

23  (motion to compel properly denied where moving party did not show parties had

24  attempted to confer in good faith to resolve discovery dispute before filing motion);

25  *Ross v. Citifinancial, Inc*., 203 F.R.D. 239, 240 (S.D. Miss. 2001) (good faith effort

26  to meet and confer is "mandatory prerequisite" on motion to compel); *Hager v.*

27  *Graham*, 267 F.R.D. 486, 491-492 (N.D. W. Va. 2010) (failure to confer or attempt to

28  confer is ground for denial of motion to compel). Plaintiffs should not be forced to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  confront arguments never advanced in any meet and confer that could have been

2  resolved prior to a motion to compel.

3      Defendants are entitled to the applications and registrations of public record,

4  they are not entitled to attorney-client communications or work product in

5  connection with them. Under the facts here, plaintiffs have not waived any

6  privileges by failing to produce a privilege log. Where the responding party objects

7  to the scope of a discovery request that includes privileged documents, the court

8  should rule first on the permissible scope of discovery. *See United States v. Philip*

9  *Morris Inc*., 347 F3d 951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to 1993

10 Amendment to FRCP 26(b)(5). No privilege log need be filed until after the court

11 rules on the objection. *Id*. Failure to produce a privilege log does not automatically

12 waive the privilege. *Burlington Northern & Santa Fe Ry. Co. v. United States Dist.*

13 *Court for Dist. of Montana*, 408 F3d 1142, 1148 (9th Cir. 2005). Rather, the court

14 has discretion to reject a claim of privilege where an insufficient privilege log is

15 provided. *United States v. Construction Products Research, Inc*., 73 F.3d 464, 473

16 (2nd Cir. 1996); *see United States v. British American Tobacco (Investments) Ltd*.,

17 387 F.3d 884, 890–891 (DC Cir. 2004); *Muro v. Target Corp*., 243 FRD 301, 310

18 (N.D. Ill. 2007). In exercising that discretion, courts adopt a "holistic

19 reasonableness" analysis, considering such factors as: the magnitude of the

20 document requests; timeliness and specificity of the objection or claim of privilege;

21 particular circumstances making response to the discovery request unusually

22 difficult; and any tactical manipulation of the discovery rules and process.

23 *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of*

24 *Montana, supra*, 408 F.3d at 1149; *In re Dept. of Justice Subpoenas to ABC*, 263

25 F.R.D. 66, 70–71 (D. Mass. 2009). In this case, defendants responded to an

26 inordinate number of Requests for Production. In response, defendants failed to

27 raise any of the issues which they now raise for the first time in this motion. Under

28 these circumstances, if plaintiffs are forced to provide further responses, they

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  should also be given an opportunity to produce a privilege log.

2  **U.    REQUEST FOR PRODUCTION NO. 34:**

3  ALL DOCUMENTS supporting your contention in paragraph 12 of the FAC

4  that you "developed a modified compact vaporizer (a devise used to vaporize the

5  oils of commonly smoked substances, such as tobacco, to a user)."

6

7  **PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

8  Plaintiff specifically objects to this request on the grounds that it calls for the

9  production of attorney-client and/or work product privileged documents and

10  communications, and seeks to invade such privileges. Plaintiff further objects to

11  this request on the ground that it is vague, ambiguous and overbroad, particularly

12  due to the phrase "RELATING TO." Plaintiff will reasonably interpret this request

13  to seek documents reflecting the subject matter, and will not attempt to speculate

14  on what might "relate" to the subject matter. Plaintiff further objects to this request

15  on the ground that it is overly broad and is not calculated to lead to the discovery

16  of admissible evidence.

17  **1.    CVI's Argument for Compelled Further Response**

18  **and Production of Documents**

19  Defendants request No. 63 seeks the production of documents related to

20  Plaintiffs contentions to have developed a modified compact vaporizer as set forth in

21  their First Amended Complaint. While Plaintiffs contend they have created a

22  compact vaporizer product, Defendants believe Plaintiffs' product was created,

23  designed and is manufactured in China by third parties and that Plaintiffs had no

24  role in the development of this product. As such, Defendants demand that Plaintiffs

25  produce documents supporting their alleged development of this product.

26  Again, Plaintiff concludes his series of general and other baseless of

27  objections to request for production No. 63with the statement that he will "search

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
98
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1   for and produce responsive non-privileged documents..." However, Plaintiff has

2   failed to produce any documents supporting Plaintiffs' claims to have developed a

3   compact vaporizer product.

4       Accordingly, CVI submits that Plaintiff's frivolous objections should be

5   deemed waived, including any objections based on privilege due to Plaintiff's

6   failure to produce a privilege log, and Plaintiff should be compelled to produce all

7   documents in his custody and control responsive to CVI's document request No. 63.

### 2.   Plaintiff's Argument

9       This Request has absolutely no relevance to any issue in dispute in this case,

10  and therefore is not within the scope of discovery. Fed. R. Civ. P. 26(b)(1) ("Parties

11  may obtain discovery regarding any nonprivileged matter that is relevant to any

12  party's claim or defense"). This is not a patent case. Whether Eksouzian did or did

13  not develop the product sold by the parties has nothing to do with whether the

14  parties formed a joint venture, whether Albanese breached his duties to Eksouzian

15  by forming a competing company while still an officer of Vape A Cloud, or whether

16  either party is liable to the other. The fact that this is included as background

17  information in the complaint does not make it "relevant to any party's claim or

18  defense". Fed. R. Civ. P. 26(b)(1). Defendants make no effort to identify any claim

19  or defense to which this discovery is relevant other than to say it is in the complaint.

20      Furthermore, this motion is the first time defendants are raising this issue.

21  This failure is fatal to defendants' motion. Before any discovery motion can be

22  filed, counsel must meet "in a good faith effort" to eliminate or narrow the dispute.

23  Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting is required if both counsel are

24  in the same county; otherwise, by telephone. L.R. 37–1. Failure to comply is

25  ground for denial of a motion to compel. *See Robinson v. Potter*, 453 F.3d 990, 995

26  (8th Cir. 2006) (motion to compel properly denied where moving party did not show

27  parties had attempted to confer in good faith to resolve discovery dispute before

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

99

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1   filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239, 240 (S.D. Miss. 2001)

2   (good faith effort to meet and confer is "mandatory prerequisite" on motion to

3   compel); *Hager v. Graham*, 267 F.R.D. 486, 491-492 (N.D. W. Va. 2010) (failure to

4   confer or attempt to confer is ground for denial of motion to compel). Plaintiffs

5   should not be forced to confront arguments never advanced in any meet and confer

6   that could have been resolved prior to a motion to compel.

7         Defendants are entitled to the applications and registrations of public

8   record, they are not entitled to attorney-client communications or work product in

9   connection with them. Under the facts here, plaintiffs have not waived any

10   privileges by failing to produce a privilege log. Where the responding party

11   objects to the scope of a discovery request that includes privileged documents, the

12   court should rule first on the permissible scope of discovery. *See United States v.*

13   *Philip Morris Inc*., 347 F3d 951, 954 (D.C. Cir. 2003); and Adv. Comm. Note to

14   1993 Amendment to FRCP 26(b)(5). No privilege log need be filed until after the

15   court rules on the objection. *Id*. Failure to produce a privilege log does not

16   automatically waive the privilege. *Burlington Northern & Santa Fe Ry. Co. v.*

17   *United States Dist. Court for Dist. of Montana*, 408 F3d 1142, 1148 (9th Cir.

18   2005). Rather, the court has discretion to reject a claim of privilege where an

19   insufficient privilege log is provided. *United States v. Construction Products*

20   *Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996); *see United States v. British*

21   *American Tobacco (Investments) Ltd*., 387 F.3d 884, 890–891 (DC Cir. 2004);

22   *Muro v. Target Corp*., 243 FRD 301, 310 (N.D. Ill. 2007). In exercising that

23   discretion, courts adopt a "holistic reasonableness" analysis, considering such

24   factors as: the magnitude of the document requests; timeliness and specificity of

25   the objection or claim of privilege; particular circumstances making response to

26   the discovery request unusually difficult; and any tactical manipulation of the

27   discovery rules and process. *Burlington Northern & Santa Fe Ry. Co. v. United*

28   *States Dist. Court for Dist. of Montana, supra*, 408 F.3d at 1149; *In re Dept. of*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
100
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

*Justice Subpoenas to ABC*, 263 F.R.D. 66, 70–71 (D. Mass. 2009). In this case, defendants responded to an inordinate number of Requests for Production. In response, defendants failed to raise any of the issues which they now raise for the first time in this motion. Under these circumstances, if plaintiffs are forced to provide further responses, they should also be given an opportunity to produce a privilege log.

## V.    REQUEST FOR PRODUCTION NO. 35:

ALL DOCUMENTS supporting your contention in paragraph 36 of the FAC that "...the Trademarks have become associated with Plaintiffs in the marketplace."

## PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 104

Plaintiff specifically objects to this request on the grounds that it calls for the production of attorney-client and/or work product privileged documents and communications, and seeks to invade such privileges. Plaintiff further objects to this request on the ground that it is vague, ambiguous and fails to specify the particular documents sought. Plaintiff will reasonably interpret this request to seek documents reflecting the subject matter, and will not attempt to speculate on what might "support" the subject matter. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

Plaintiff will search for and produce responsive non-privileged documents, if any, within his possession, custody or control.

### 1.    CVI's Argument for Compelled Further Response and Production of Documents

Defendants request No. 104 seeks the production of documents supporting Plaintiffs' claim that the trademarks it purports to own have become associated with Plaintiffs' products in the marketplace. As Defendants are defending claims of alleged trademark infringement brought by Plaintiffs, any documents supporting the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   alleged association of the trademarks (which are the property of the Joint Venture,

2   not Plaintiffs) and Plaintiffs' products by consumers is highly relevant and

3   discoverable.

4         Again, Plaintiff concludes his series of general and other baseless of

5   objections to request for production No. 104with the statement that he will "search

6   for and produce responsive non-privileged documents..." However, Plaintiff has

7   failed to produce any documents demonstrating that consumers have come to

8   associate the trademarks at issue in this lawsuit with Plaintiffs' products.

9         Accordingly, CVI submits that Plaintiff's frivolous objections should be

10  deemed waived, including any objections based on privilege due to Plaintiff's

11  failure to produce a privilege log, and Plaintiff should be compelled to produce all

12  documents in his custody and control responsive to CVI's document request No.

13  104.

14                    **2.    Plaintiff's Argument**

15        Plaintiffs have agreed to produce any nonprivileged documents responsive to

16  this Request. Indeed, discovery is just beginning in this case, and plaintiffs have

17  produced all responsive documents that they have found through diligent search and

18  reasonable inquiry thus far. There is no basis to compel any further responses to this

19  Request. Had defendants bother to meet and confer with plaintiffs on this Request,

20  plaintiffs would have confirmed that they are not withholding any documents in

21  response to this Request.

22  **INTERROGATORIES, SET ONE**

23

24  **W.    INTERROGATORY NO. 10:**

25        IDENTIFY all PERSONS with knowledge of the facts supporting your first

26  through eighth claims for relief.

27  **PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 10**

28        Plaintiff objects to this interrogatory on the ground that it is compound and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  comprises at least 8 separate interrogatories. Pursuant to Federal Rule of Civil

2  Procedure 33, Plaintiff will treat this interrogatory as 8 separate interrogatories, and

3  responds as follows:

4   First Claim for Relief: The following individuals, and perhaps others, may

5  have knowledge of the acts alleged in the first cause of action of the First Amended

6  Complaint: Vahan Eksouzian, Brett Albanese, Mohammed Nurhussein, accountants

7  and professionals who served Vape A Cloud, Inc.

8   Second Claim for Relief: The following individuals, and perhaps others, may

9  have knowledge of the acts alleged in the second cause of action of the First

10  Amended Complaint: Vahan Eksouzian, Brett Albanese, Mohammed Nurhussein,

11  accountants and professionals who served Vape A Cloud, Inc.

12   Third Claim for Relief: The following individuals, and perhaps others, may

13  have knowledge of the acts alleged in the third cause of action of the First Amended

14  Complaint: customers of Defendants, employees of Defendants, Vahan Eksouzian,

15  Brett Albanese, Mohammed Nurhussein.

16   Fourth Claim for Relief: The following individuals, and perhaps others, may

17  have knowledge of the acts alleged in the fourth cause of action of the First

18  Amended Complaint: customers of Defendants, employees of Defendants, Vahan

19  Eksouzian, Brett Albanese, Mohammed Nurhussein.

20   Fifth Claim for Relief: The following individuals, and perhaps others, may

21  have knowledge of the acts alleged in the fifth cause of action of the First Amended

22  Complaint: customers of Defendants, employees of Defendants, Vahan Eksouzian,

23  Brett Albanese, Mohammed Nurhussein.

24   Sixth Claim for Relief: The following individuals, and perhaps others, may

25  have knowledge of the acts alleged in the sixth cause of action of the First Amended

26  Complaint: customers of Defendants, employees of Defendants, Vahan Eksouzian,

27  Brett Albanese, Mohammed Nurhussein.

28   Seventh Claim for Relief: The following individuals, and perhaps others, may

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
103
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1   have knowledge of the acts alleged in the seventh cause of action of the First

2   Amended Complaint: customers of Defendants, employees of Defendants, Vahan

3   Eksouzian, Brett Albanese, Mohammed Nurhussein, accountants and professionals

4   who served Vape A Cloud, Inc.

5          Eighth Claim for Relief: The following individuals, and perhaps others, may

6   have knowledge of the acts alleged in the eighth cause of action of the First

7   Amended Complaint: customers of Defendants, employees of Defendants, Vahan

8   Eksouzian, Brett Albanese, Mohammed Nurhussein, Defendants' printer,

9   Defendants' manufacturer.

## 1.      CVI's Argument for Compelled Further Response and Production of Documents

12         Defendants request No. 104 seeks the production of documents supporting

13  Plaintiffs' claim that the trademarks it purports to own have become associated with

14  Plaintiffs' products in the marketplace. As Defendants are defending claims of

15  alleged trademark infringement brought by Plaintiffs, any documents supporting the

16  alleged association of the trademarks (which are the property of the Joint Venture,

17  not Plaintiffs) and Plaintiffs' products by consumers is highly relevant and

18  discoverable.

19         Again, Plaintiff concludes his series of general and other baseless of

20  objections to request for production No. 104with the statement that he will "search

21  for and produce responsive non-privileged documents..." However, Plaintiff has

22  failed to produce any documents demonstrating that consumers have come to

23  associate the trademarks at issue in this lawsuit with Plaintiffs' products.

24  Accordingly, CVI submits that Plaintiff's frivolous objections should be deemed

25  waived, including any objections based on privilege due to Plaintiff's failure to

26  produce a privilege log, and Plaintiff should be compelled to produce all

27  documents in his custody and control responsive to CVI's document request No.

28

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

104.

### 2.   Plaintiff's Argument

Plaintiffs do not understand the basis for defendants' arguments with respect to plaintiffs' response to defendants' Interrogatory No. 10, because the draft of this joint statement provided by defendants refers to "request No. 104" and apparently seeks the production of documents. Interrogatories are not the proper discovery device for seeking the production of documents. Thus, the motion should be denied. To the extent that defendants alter their argument on this Interrogatory, plaintiffs reserve the right to object to and respond to that argument, as it was not raised in the initial joint statement that was provided to plaintiffs.

As for the response to defendants' Interrogatory No. 10, it identifies all the persons known to plaintiffs at present who have knowledge of the identified claims for relief. Furthermore, the addresses of those individuals is either plaintiffs' counsel, in the case of Eksouzian and Mohammed Nurhussein, or defendants' counsel, in the case of Albanese.

## X.   PLAINTIFFS MUST BE ORDERED TO PRODUCE A PRIVILEGE LOG

### 1.   Plaintiffs' Argument

Mr. Eksouzian has objected to CVI's document requests Nos. 1-118 on the basis of attorney client privilege and/or work product privilege but has failed to produce a privilege log. To the extent Mr. Eksouzian is withholding documents on the grounds of privilege, he is required to produce a privilege log pursuant to the applicable provisions of the FRCP. Specifically, FRCP Rule 26(b)(5) provides:

> "... make the claim expressly and shall describe the nature
> of the documents, communications, or things not produced
> or disclosed in a manner that, without revealing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

*See also Clarke v. American Commerce National Bank*, 974 F.2d 127, 129 (9th Cir. 1992).

The failure to produce a privilege log compliant with the FRCP may constitute a waiver of any privilege. *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. CA 2005).

To date, Mr. Eksouzian has failed to produce a privilege log despite CVI's demands for same during meet and confer, and Plaintiff's counsel's indication that Plaintiff would produce a privilege log. Therefore, CVI respectfully submits that Plaintiff should be compelled to produce a privilege log identifying any and all documents responsive to CVI's document requests Nos. 1-118 that he is withholding.

### 2. Plaintiffs' Response

The reason that plaintiffs have not provided a privilege log to date is that prior to defendants' refusal to consider plaintiffs redline changes to their proposed protective order, plaintiffs belief that some of the commercially sensitive documents at issue might be addressed in the protective order. Plaintiffs will produce a privilege log by the time of the hearing on this motion.

### Y. Counterdefendants Should Be Compelled to Produce All Corporate Documents of Vape A Cloud, Inc. in Unredacted Form

### 1. Defendant Albanese's Argument

Pursuant to California Corporations Code sections 1601entitles a shareholder in a California corporation to examine corporate records of the company at any reasonable time during business hours. Section 1601(a) provides:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  "1601. (a) The accounting books and records and minutes

2  of proceedings of the shareholders and the board and

3  committees of the board of any domestic corporation, and

4  of any foreign corporation keeping any such records in this

5  state or having its principal executive office in this state,

6  shall be open to inspection upon the written demand on the

7  corporation of any shareholder or holder of a voting trust

8  certificate at any reasonable time during usual business

9  hours, for a purpose reasonably related to such holder's

10  interests as a shareholder or as the holder of such voting

11  trust certificate. The right of inspection created by this

12  subdivision shall extend to the records of each subsidiary of

13  a corporation subject to this subdivision."

14  As a shareholder in Vape A Cloud, Inc., Counterclaimant Brett Albanese is

15  entitled to an inspection of "the accounting books and records" of the corporation.

16  In addition, as a purported officer of Vape A Cloud, Inc.[3], Mr. Albanese is also

17  entitled to a review of the companies accounting books and records. Section 1602

18  provides:

19  "1602. Every director shall have the absolute right at any

20  reasonable time to inspect and copy all books, records and

21  documents of every kind and to inspect the physical

22  properties of the corporation of which such person is a

23  director and also of its subsidiary corporations, domestic or

24

25  _____

[3] Counterdefendants have indicated in their Frist Amended Complaint that Mr.

26  Albanese was an officer in Vape A Cloud, Inc. However, Mr. Albanese has never

been provided with documentation by Vape A Cloud, Inc. or by Counterdefendants

27  Vahan Eksouzian or Mohammed Nurhussein indicating Mr. Albanese's specific

position or role with Vape A Cloud, Inc.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    foreign. Such inspection by a director may be made in

2    person or by agent or attorney and the right of inspection

3    includes the right to copy and make extracts. This section

4    applies to a director of any foreign corporation having its

5    principal executive office in this state or customarily

6    holding meetings of its board in this state."

7    Thus, as an alleged officer/director in Vape A Cloud, Mr. Albanese is also

8    entitled to an inspection of the corporation's records under Cal. Corp. Code section

9    1602.

10    As stated, Vape A cloud has produced a limited number of documents for Mr.

11    Albanese's review, but has failed to include invoices, purchase orders, or other

12    financial documents. In addition, several of the documents which purportedly

13    reflect Vape A Cloud bank accounts have been improperly redacted by

14    Counterdefendants. As such, Vape A Cloud has failed to comply with its

15    obligations under either section 1601 or 1602 and Counterdefendants respectfully

16    submit that it must be ordered to provide a complete production of these

17    documents in unredacted form.

18                    **2.    Plaintiffs' Argument**.

19

20    The Court should deny defendants' arguments that they are entitled to

21    unredacted corporate documents under Cal. Bus. & Prof. Code §§ 1601 and 1602 for

22    the simple reason that California courts have stated unequivocally that those

23    sections do not provide a shareholder with the right to documents in discovery.

24    *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328, 107 Cal. Rptr. 3d 384, 395–396

25    (Cal. Ct. App. 2010) (section 1601(a) does not grant plaintiff shareholder right to

26    discover corporate records in ongoing lawsuit). ***Furthermore, Albanese is not a***

27    ***director of Vape A Cloud, Inc. and has not been from the time that breached his***

28    ***fiduciary duty and began a competing business while still an officer of Vape A***

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

***Cloud, Inc***. **He has not presented any competent evidence on this or any other requirement under section 1601(a) or 1602.** This motion is not the appropriate place to adjudicate Albanese's Sixth Claim for Relief in which he seeks a writ of mandate under section 1601 and 1602. These issues are appropriately decided by the Court on a motion in which both parties are able to present the evidence and law required to make the proper determination.

Furthermore, as discussed above, Defendants never even hinted that they would move to compel production of documents sought under Cal. Bus. & Prof. Code §§ 1601 and 1602. The first Plaintiffs' counsel learned that this issue might be raised in the context of a Rule 37 motion was when Plaintiffs' counsel received Defendants' portions of this Joint Stipulation.

## III.   COUNTERDEFENDANTS SHOULD BE SANCTIONED FOR THEIR FAILURE TO COMPLY WITH DISCOVERY

### A.   Counterclaimants' Argument

Sanction should be imposed against Plaintiffs for failure to provide discovery in this matter. According to the Federal Rules of Civil Procedure, Rule 37 (a)(5)(A)(ii), sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's objection was "substantially justified." Counterclaimants propounded contention interrogatories and requests for production which are directly relevant to Plaintiffs unauthorized use of the Vaporizer Joint Venture trademarks. It is clear that the all of the above objections offered by Plaintiffs were not substantially justified.

Plaintiffs were allotted multiple extensions to provide complete response to Plaintiffs' written discovery which resulted in wholly unsatisfactory responses and appreciably nothing related to Plaintiffs' sales of compact vaporizer products using the Vaporizer Joint Venture trademarks. Plaintiffs' lack of cooperation has rendered the discovery process unduly burdensome and unnecessarily expensive for all parties and the Court.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1
109
MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1    As a result, Counterlclaimants have unnecessarily incurred attorney's fees and

2  costs by engaging in futile efforts to meet and confer with Plaintiffs' counsel and by

3  filing this motion to compel. Plaintiffs' willful and inexcusable disregard of its

4  discovery obligations deserves the imposition of sanctions, as authorized in F.R.C.P.

5  37(a)(5).

6    Defendants have incurred significant expense in attempting to informally

7  resolve the discovery disputes giving rise to this motion with Plaintiffs' counsel.

8  Defendants have attended at least two meet and confer conferences, have drafted

9  correspondence, and have spent significant time preparing their portions of this

10  joint stipulation. In addition, Defendants expect to incur additional time drafting

11  supplemental briefing on these discovery issues and appearing at the hearing on this

12  motion. All told, Defendants expect to spend thirty-five (35) hours in connection

13  with this discovery dispute totaling approximately $9,625.00 in attorneys' fees.

14  (Collins Decl., ¶14).[4] In light of their refusal to comply with their discovery

15  obligations, Plaintiffs should be ordered to pay the entirety of this sum to

16  Defendants as sanctions under F.R.C.P. Rule 37.

17    **B.    Plaintiffs' Argument**

18    If any party should be sanctioned, it is defendants, who have made a motion

19  to compel in which they set forth arguments for the first time that were never made

20  the subject of a good faith meet and confer effort. Before any discovery motion can

21  be filed, counsel must meet "in a good faith effort" to eliminate or narrow the

22  dispute. Fed. R. Civ. P. 37, L.R. 37-1. An in-person meeting is required if both

23  counsel are in the same county; otherwise, by telephone. L.R. 37–1. Failure to

24

25  [4] Fee invoices reflecting part of Defendants' fees incurred as a result of these
discovery disputes are attached as Ex. P to the Collins Decl. The time incurred to

26  prepare Defendants' portions of this Joint Stipulation, and what Defendants' expect
to incur preparing supplemental briefing and appearing at the hearing on this

27  motions have not yet been billed. Defendants will provide these documents to the
Court in supplemental briefing when they become available. (Collins Decl., ¶14).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-5392-0534.1

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1 comply is ground for denial of a motion to compel. *See Robinson v. Potter*, 453 F.3d

2 990, 995 (8th Cir. 2006) (motion to compel properly denied where moving party did

3 not show parties had attempted to confer in good faith to resolve discovery dispute

4 before filing motion); *Ross v. Citifinancial, Inc*., 203 F.R.D. 239, 240 (S.D. Miss.

5 2001) (good faith effort to meet and confer is "mandatory prerequisite" on motion to

6 compel); *Hager v. Graham*, 267 F.R.D. 486, 491-492 (N.D. W. Va. 2010) (failure to

7 confer or attempt to confer is ground for denial of motion to compel).

8       Here defendants failed to meet and confer in good faith on the issues raised

9 in this motion. *See* Declaration of Kevin I. Shenkman dated November 5, 2013

10 ("Shenkman Decl."), ¶¶ 2-4, 9, 11, 12-14, 16-18. Defendants' initial effort to meet

11 and confer consisted of an email announcing simply that, in their opinion,

12 plaintiffs' responses were "woefully inadequate", without providing any specific

13 issues or legal authority for that proposition. *Id*., ¶ 2, Ex. 1. When plaintiffs'

14 counsel pointed out that this did not comply with Fed. R. Civ. P. 37 or L.R. 37,

15 defendants then responded with a letter stating boilerplate arguments with little or

16 no legal authority. *Id*., ¶¶ 3-4, Exs. 2, 3. Plaintiffs did subsequently provide

17 amended responses to certain of the discovery propounded by defendants – exactly

18 the supplemental responses that counsel had agreed upon in the course of their

19 discussions. *Id*., ¶ 9. However, when counsel met and conferred, defendants counsel

20 discussed only those issues having to do with plaintiffs responses to defendants'

21 interrogatories and requests for admission. *Id.*, ¶¶ 6, 7. Apparently, those efforts

22 were successful, because none of those responses (with the exception of a single

23 interrogatory response) are the subject of this motion. However, at counsel's

24 meeting, ***defendants never discussed a single deficiency or response to any of***

25 ***their requests for production***. *Id*., ¶¶ 6, 7. Nor did defendants counsel raise the

26 issue of using a discovery motion as a means of adjudicating their Sixth Claim for

27 Relief for a writ of mandate under Cal. Corp. Code §§ 1601 and 1602. *Id*., ¶ 4, Ex.

28 3. In short, defendants never met and conferred on the discovery that forms

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF
DOCUMENTS

1   virtually the entirety of this motion. Furthermore, as discussed above, defendants

2   abandoned any discussions concerning a protective order at the first time that

3   plaintiffs' suggested changes to the draft order that defendants had prepared. *Id*., ¶¶

4   15-18, Exs. 11-14. Instead, they immediately filed this motion, asserting that their

5   boilerplate letter on literally hundreds of requests for production, the vast majority

6   of which they obviously did not deem defective enough to compel, was sufficient.

7   This does not comply with either Fed. R. Civ. P. 37's requirements or with L.R. 37-

8   1's requirement of an in-person discussion of the actual issues upon which the

9   moving party intends to make a motion to compel.

10       Had Defendants complied with these obligations, much, if not all, of this

11   motion could have been avoided. Plaintiffs have been forced to incur more than

12   $4,400 in costs and fees associated with responding to this motion, and respectfully

13   request that the Court grant these sanctions against defendants as sanctions for their

14   failure to comply with Fed. R. Civ. P. 37 and L.R. 37-1. (Shenkman Decl. ¶ 19).

15   **IV.    CONCLUSION**

16       **A.    Counterclaimants' Concluding Statement**

17       Based on the foregoing, Counterclaimants respectfully submit that Plaintiffs

18   should be ordered to provide complete responses to Plaintiffs written discovery,

19   without objection, and to produce all documents responsive to Request for

20   Production of Documents, Set One and the corporate record inspection demands

21   served on Vape A Cloud, Inc. In addition, Plaintiffs should be ordered to reimburse

22   Defendants for the approximately $9,625.00 in attorneys' fees they have incurred in

23   connection with these discovery disputes.

24       **B.    Plaintiffs' Concluding Statement**

25       For the reasons stated in plaintiffs' statements above, plaintiffs respectfully

26   request that defendants' motion be denied in its entirety, and that defendants be

27   ordered to pay plaintiffs the sum of $4,400 in attorneys' fees incurred in opposing

28

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

4830-5392-0534.1

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

1  his motion.

2  DATED: November __, 2013              DANIEL C. DECARLO
3                                        ROBERT M. COLLINS
                                         LEWIS BRISBOIS BISGAARD & SMITH
4                                        LLP

5

6                                        By: _____
7                                             Robert M. Collins
8                                             Attorneys for
                                              Defendants/Counterclaimants BRETT
9                                             ALBANESE and CLOUD VAPEZ, INC.

10 DATED: November ___, 2013

11

12

13                                       By: _____
14                                            KEVIN I. SHENKMAN
                                              Attorneys for Plaintiffs VAHAN
15                                            EKSOUZIAN, CLOUD V.
                                              ENTERPRISES, VAPE A. CLOUD, INC
16                                            and /CounterClaim-Defendant
                                              MOHAMMED NURHUSSEIN
17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW