UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VAHAN EKSOUZIAN, an individual; CLOUD V ENTERPRISES, a California corporation; and VAPE A CLOUD, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BRETT ALBANESE, an individual; CLOUD VAPEZ, INC., a California corporation; and DOES 1-10,<br><br>Defendant.<br><br>BRETT ALBANESE, an individual; CLOUD VAPEZ, INC.,<br><br>Counterclaimants,<br><br>vs.<br><br>VAHAN EKSOUZIAN, an individual; MOHAMMED NURHUSSEIN, an individual; CLOUD V ENTERPRISES, a California corporation; VAPE A CLOUD, INC., a California corporation; and DOES 1-10,<br><br>Counterclaim-Defendants. | CASE NO. 2:13-cv-00728-PSG (MANx)<br>[Discovery Document: Referred to Magistrate Judge Margaret A. Nagle]<br><br>**AMENDED PROTECTIVE ORDER** |

## INTRODUCTION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the Parties' request that a protective order be entered in this case, the Court enters this Amended Protective Order ("Protective Order"), which adopts, in substantial part, the terms of the [Proposed] Protective Orders to which the Parties have agreed.[1]  This Protective Order generally shall govern the pretrial phase of this action.

The Parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL, CONFIDENTIAL - ATTORNEYS' EYES ONLY, or other designation(s) used by the Parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the Parties' designation of any information, document, or thing as CONFIDENTIAL, CONFIDENTIAL - ATTORNEYS' EYES ONLY, or other designation(s) used by the Parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The Parties mere designation of any information, document, or thing as CONFIDENTIAL, CONFIDENTIAL - ATTORNEYS' EYES ONLY, or other designation(s) used by Parties, does not -- without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or

---

[1]  The Court's modifications to the Parties' [Proposed] Protective Orders are generally reflected in bold typeface.

1  trial, then compelling reasons, as opposed to good cause, for the sealing must be
2  shown, and the relief sought shall be narrowly tailored to serve the specific interest
3  to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th
4  Cir. 2010). For each item or type of information, document, or thing sought to be
5  filed or introduced under seal in connection with a dispositive motion or trial, the
6  Party seeking protection must articulate compelling reasons, supported by specific
7  facts and legal justification, for the requested sealing order. Again, competent
8  evidence supporting the application to file documents under seal must be provided
9  by declaration.

10      Any document that is not confidential, privileged, or otherwise protectable in
11  its entirety will not be filed under seal if the confidential portions can be redacted. If
12  documents can be redacted, then a redacted version for public viewing, omitting
13  only the confidential, privileged, or otherwise protectable portions of the document,
14  shall be filed. Any application that seeks to file documents under seal in their
15  entirety should include an explanation of why redaction is not feasible.

16      Notwithstanding any other provision of this Protective Order, in the event that
17  this case proceeds to trial, all information, documents, and things discussed or
18  introduced into evidence at trial will become public and available to all members of
19  the public, including the press, unless sufficient cause is shown in advance of trial to
20  proceed otherwise.

21      THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT
22  IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE
23  PHILLIP S. GUTIERREZ, UNITED STATES DISTRICT JUDGE, INCLUDING
24  THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER
25  SEAL.
26  ///
27  ///
28  ///

## TERMS OF PROTECTIVE ORDER

1. This Protective Order shall govern the handling of documents and information produced by the Parties to preserve the confidentiality of the information that has been or will be requested and produced in discovery in this action, whether informally or in response to a written interrogatory, document production request, or at a deposition.  The Parties **have** agree**d** that a protective order is necessary to protect the integrity of this information, the rights of each of the Parties, and the rights of certain third parties.

2. For the purposes of this Protective Order, the term "DOCUMENTS" means all written, recorded, computerized, electronic, or graphical material or information and things, whether produced or created by a Party or another person, and whether produced in response to a discovery request, subpoena, agreement, or otherwise.

3. For the purposes of this Protective Order, the term "DISCOVERY MATERIALS" means all written interrogatory responses, responses to requests for admission, all deposition testimony, and any items marked at any deposition.

4. The Parties to this action have the right to designate as "CONFIDENTIAL" OR "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any DOCUMENTS and DISCOVERY MATERIALS in this action which either Party believes in good faith contains nonpublic and sensitive personal information of individual persons, trade secrets, confidential research, developments, commercial financial information, and/or any other proprietary, confidential, or competitively sensitive business information.  By having entered into this Protective Order providing for the designation of DOCUMENTS and other DISCOVERY MATERIALS as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," no **P**arty is admitting that the contents of any such DOCUMENTS or other DISCOVERY MATERIALS are, in fact, confidential.  No **P**arty receiving DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," however, has the unilateral

right to disregard such a designation. Rather, the procedures set forth herein must be followed to challenge such a designation. Notwithstanding the right to designate DOCUMENTS and DISCOVERY MATERIALS specified in this paragraph, the Parties reserve the right to argue that certain DOCUMENTS and DISCOVERY MATERIALS, such as trade secrets, are not subject to discovery under applicable law.

5. Unless agreed to in writing by the respective counsel or otherwise ordered by the Court, any DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and all information derived therefrom, shall be used only in connection with and/or in preparation for the trial of this action, *VAHAN EKSOUZIAN, et al. v. BRETT ALBANESE, et al.*, United States District Court Case No. CV 13-cv-00728-PSG (MANx) (this "ACTION"), and shall not be used for any other purpose whatsoever, and shall not be used or disclosed in any cases designated as "related" cases under state or federal law.

6. By producing the DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," producing Parties do not waive any objection to the admissibility, relevance, or any other ground for objection to the DOCUMENTS or DISCOVERY MATERIALS, all of which are specifically reserved.

7. DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" and any copies, summaries, extracts, notes, or memoranda relating thereto may be disclosed by counsel of record for the Parties to this ACTION only to the following:

    a.    The Parties, their officers, employees, and agents who are working on this specific case;

    b.    Counsel of record for the Parties, counsel's employees, and/or agents who are working on this specific case;

      c.      Consultants and experts retained by counsel of record for the purpose of assisting in the preparation for and/or trial of this specific case but only to the extent such persons need such confidential information for that preparation;

      d.      The Court and its personnel;

      e.      Employees of outside copy services used to make copies of CONFIDENTIAL documents;

      f.      The jury selected for trial in this matter (if any); and,

      g.      Any other person under such terms as may be agreed by the Parties in writing or as the Court may hereafter order.

8. Each person, other than those identified in Paragraphs 7(a), 7(b), 7(d), and 7(f), to whom information designated as CONFIDENTIAL is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information.  The persons described in Paragraphs 7(c), 7(e), and 7(g) shall not have access to CONFIDENTIAL information until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A.  Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material.

9. DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and any copies, summaries, extracts, notes, or memoranda relating thereto may be disclosed by counsel of record for the Parties to this ACTION only to the following:

      a.      Counsel of record in this Action;

      b.      The office personnel retained by said counsel working under the direct supervision of said counsel;

  c. The Court and its personnel;

  d. Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full and read, sign, and agree to be bound by all of its terms.

10. Any Party wishing to attach DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as an exhibit to any deposition in this ACTION shall inform the court reporter or transcriber who reports or transcribes testimony about this Protective Order before or during the deposition. Portions of deposition transcripts marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be treated as if they **are** CONFIDENTIAL documents.

11. In the event DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," either by agreement among counsel or by order of the Court, are lodged or filed with the Court, or used in connection with any motion, application, or pre-trial proceeding in this ACTION, they shall be submitted with an application to file such documents under seal and shall be placed in an envelope bearing the caption of this matter and the proper "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" notation.  The Parties shall comply with Local Rule 79-5 with respect to **submitting** documents and/or things **for filing** under seal and shall carefully review and comply with **the provisions of this Protective Order**.

12. All DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," including all copies and information obtained from such, shall be used, subject to the provisions hereof, by the person receiving them only in connection with this Action, unless otherwise ordered by the Court.  All DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or "CONFIDENTIAL

- ATTORNEYS' EYES ONLY" documents shall not be used for any business, competitive, or other purposes, and shall not be disclosed to any person or entity, except as provided herein.  To the extent that **supplier, distributor, retailer, and/or** customer information is revealed by any DOCUMENTS or DISCOVERY MATERIALS, said information shall not be used, directly or indirectly, by anyone, including counsel for the Parties, to contact any **supplier, distributor, retailer, or** customer of the Parties, except as otherwise ordered by the Court **or agreed to in writing by the Parties**.  **To avoid undue delay, the Parties may seek any Order required by this paragraph, or request a modification of this paragraph, through an *ex parte* application to the Court.  This** Protective Order is not, however, intended to apply to documents or information that are or were already publicly available, or documents or information already possessed by a person without restriction on use or disclosure.

13. In the event that a Party receiving DOCUMENTS or DISCOVERY MATERIALS designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" disagrees with such a designation, for example, because the information therein is already publicly available, that Party shall serve a written notice of objection to the Party who or which so designated the DOCUMENTS or DISCOVERY MATERIALS.  The Parties shall then attempt in good faith to resolve the dispute.  If the Parties are unable to come to a resolution after a good faith attempt to resolve the dispute, the Party challenging the protection of the DOCUMENTS or DISCOVERY MATERIALS shall arrange a conference with the Court to resolve the dispute, if possible, or proceed with a noticed motion (or *ex parte* application if warranted) to resolve the dispute.  The designation may not be disregarded unless and until it is ordered changed by the Court.  The Party who or which designated the DOCUMENTS OR DISCOVERY MATERIALS as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall bear the burden of establishing the propriety of the challenged designation.

14. The Parties, their counsel, and all others bound by this agreement agree that upon coming across material from an adversary that is apparently confidential or privileged, and that appears was disclosed inadvertently, counsel (including those the materials have been shared with) has a duty to: (1) examine the material only to the extent necessary to determine that it is privileged or confidential; (2) immediately notify the sender of the disclosure; and (3) attempt to resolve the dispute informally, or refrain from using the material until further Court order.

15. Upon final determination of this action, whether by judgment, settlement, or otherwise, including all appeals:

    a. The Parties' counsel of record and any other person who has received DOCUMENTS or DISCOVERY MATERIALS designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall destroy all materials so produced, along with all copies, extracts, summaries, and compilations thereof, except material constituting the work product of any counsel, which shall be kept confidential thereafter. In returning the DOCUMENTS or DISCOVERY MATERIALS, each Party shall select and arrange with a messenger service to pick up and return the DOCUMENTS or DISCOVERY MATERIALS to the respective Party's counsel; and

    b. Counsel of record will continue to protect the confidentiality of information contained in DOCUMENTS or DISCOVERY MATERIALS designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16. The execution of this Protective Order shall not preclude any Party from moving the Court for protective orders in the course of this litigation, from modifying or expanding this Protective Order as needed, or from objecting to

discovery that it believes to be improper.

17. This Protective Order is subject to amendment and modification by further written stipulation among counsel of record in this ACTION or by order of the Court.

The Parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

**IT IS SO ORDERED.**

Dated: April 2, 2014

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed **Amended** Protective Order, ("Protective Order") dated April 2, 2014, in the action entitled *VAHAN EKSOUZIAN, et al. v. BRETT ALBANESE et al.,* United States District Court Case No. CV 13-cv-00728-PSG (MANx), which currently is pending in the United States District Court, Central District of California; that I am familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order and will not copy or use any Litigation Materials designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY except solely as permitted by the Protective Order; and

I consent to the jurisdiction of this Court for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order, or seeking damages for the breach of said Protective Order.

Dated: _____

_____
(Signature)