UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 5

| Case No. | CV 13-728 PSG (MANx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Vahan Eksouzian, *et al.* v. Brett Albanese, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Plaintiffs' motion to re-open the case.

Pending before the Court is Plaintiffs' motion to re-open the case so that the Court may enforce a Settlement Agreement entered into by the Parties. Dkt. # 110. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Rule 7-15. After considering the papers submitted by the Parties, the Court GRANTS Plaintiffs' motion.

Plaintiffs Vahan Eksouzian, Cloud V Enterprises, and Vape A Cloud, Inc. (together, "Plaintiffs") brought an action against Defendants Brett Albanese and Cloud Vapez, Inc. (together, "Defendants") on February 1, 2013. Dkt. # 1. The Parties settled the action on July 9, 2014 when they executed a Settlement Agreement ("Settlement Agreement"). Plaintiffs claim that Defendants have breached this Settlement Agreement and seek to re-open the case so that the Court can enforce it. *Mot.* 2:1-3:12.

The Supreme Court made clear in *Kokkonen v. Guardian Life Ins. Co.*, that a "proceeding to enforce a settlement requires its own basis for jurisdiction." *Hagestad v. Tragesser*, 49 F. 3d 1430, 1433 (9th Cir. 1995) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)). A district court has ancillary jurisdiction to enforce an agreement "[w]hen the parties' compliance with the terms of the settlement or the court's retention of jurisdiction are included in the terms of the dismissal order." *Id.*

Here, the dismissal order issued by the Court meets both requirements. *See* Dkt. # 91, *Dismissal Order*. The Dismissal Order states:

> 3. The parties' CONFIDENTIAL settlement agreement, attached as Exhibit A to the Stipulation for Order of Dismissal filed on July 30, 2014, shall be kept confidential and under seal and is *incorporated in this Order, and this Court shall retain jurisdiction to enforce the Settlement Agreement.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 5 |
|---|---|---|---|
| Case No. | CV 13-728 PSG (MANx) | Date | March 2, 2015 |
| Title | Vahan Eksouzian, *et al.* v. Brett Albanese, *et al.* | | |

*Id.* (emphasis added).

Accordingly, the Court does have jurisdiction to enforce this Settlement Agreement. The language in the Settlement Agreement providing that "[i]n the event that any dispute arises in connection with the Action or this Settlement Agreement, the Parties agree that said dispute shall be resolved by United States Magistrate Judge Margaret Nagle" and that "[t]he U.S. District Court for the Central District of California, and specifically Judge Nagle, shall retain jurisdiction, to enforce [the Settlement Agreement]" does not vitiate the Court's jurisdiction. *See Settlement Agreement*.

For the reasons stated above, the Court GRANTS Plaintiffs' motion to re-open the case. Parties are ORDERED to contact Judge Nagle by **March 13, 2015** to discuss how to proceed with the enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**